## MIDDLETOWN MFG. CO. v. PHILA. & R. R. CO.

| 145 | 187 |
|-----|-----|
| 202 | ¹639 |

APPEALS BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 4, 1891—Decided October 5, 1891.

(*a*) Plaintiff brought assumpsit for breaches of a contract, and, at the same time, trespass for damages to certain land, the subject matter of the contract. On the trial of the assumpsit, plaintiff, under an amendment to his declaration, gave evidence of acts forming the cause of action in trespass.

(*b*) In the charge to the jury, the court withdrew from consideration all the testimony adduced under the amendment, as insufficient to support it, and a verdict was rendered for the plaintiff upon the other causes of action, as shown by the testimony submitted to the jury.

(*c*) Before judgment was entered on that verdict, the action in trespass was called for trial. In this action, the plaintiff gave evidence of the acts as to which evidence had been given in the assumpsit, when the defendant put in evidence the record of the latter action, to raise an estoppel:

1. In such case, no judgment on the verdict in assumpsit having been entered, and, moreover, the evidence given under the amendment having been withdrawn from the jury, it was not error to refuse to instruct that the "judgment" recovered in the assumpsit was a bar to the action in trespass.

2. Nor was it error, after judgment had been entered on the verdict in the action of assumpsit, to enter an order in that cause striking the amendment itself from the record, as said amendment had become useless after the testimony given under it had been withdrawn.

Statement of Facts.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

Nos. 42, 43 May Term 1891, Sup. Ct.; court below, Nos. 384,
385 January Term 1891, C. P.

Returnable to December 22, 1891, the Middletown Furniture
Manufacturing Company brought assumpsit against the Phila-
delphia & Reading Railroad Co.    On the same date, the same
plaintiff brought trespass against the same defendant.    The
statements of claim filed were not exhibited in the paper-books.

ASSUMPSIT, TO NO. 384.

At the trial, on February 26, 1891, the plaintiff proved and
gave in evidence a contract under seal between the plaintiff
company and the defendant company, as follows :

"This agreement made this thirtieth day of August, A. D. 1890,
between the Middletown Furniture Manufacturing Company, of
the first part, and the Philadelphia and Reading Railroad Com-
pany, of the second part, witnesseth : That the said party of
the first part agrees to lease, and the said party of the second
part to rent for the term of sixty-seven years from June 17,
1890, for the sum of one thousand dollars, a strip or piece of
land through the property of the party of the first part, six-
teen feet in width by three hundred feet more or less in length,
situated north of and adjoining their siding on the Pennsylva-
nia railroad, between Emaus street and said railroad, in the
borough of Middletown, Dauphin county, Pennsylvania.    It
is further understood and agreed that the party of the second
part will furnish the party of the first part with sufficient space
under the track of the said party of the second part, to accom-
modate the contents of four coal cars, and will also put in, at
its own cost, a spur track for the use of the party of the first
part, and also keep the well open.    Witness " . . . . .

In its case in chief, plaintiff moved to amend the statement
of claim so as to claim damages for the defendant's " non-
compliance with the part of the agreement to construct a spur
track for the use of the plaintiff."    Under objection, the amend-
ment was allowed, when testimony was adduced to the effect
that the defendant had not paid the $1,000, the consideration
money of the agreement, had taken more than sixteen feet for
its right of way, had failed to provide sufficient coal spaces

Charge of Court below.

under the track as provided for, and had not constructed the spur track.

At the closs of the testimony on both sides, the court, Mc-Pherson, J., charged the jury:

It is only just to say that the court cannot be responsible for the failure of counsel to introduce appropriate evidence, and if such evidence is not introduced, of course questions depending upon the evidence cannot possibly be argued.

There are three questions in this case that I call the jury to consider. About the first one there is no controversy; that is to say, the right to this thousand dollars. Under this agreement, the construction of which is for the court, the Reading railroad company has leased a certain strip of ground from the plaintiff for the sum of one thousand dollars. That amount it is agreed has not been paid; and the question then for the jury to determine, is simply when the company took possession of this ground; for, when they did take possession they were liable to pay this sum of money; and your verdict will, therefore, in any event, be for a thousand dollars, with interest from that time. This is a case in which they agreed to pay a thousand dollars; and interest, therefore, is properly chargeable upon it from the time it ought to have been paid, and that will be from the time they took possession of the ground.

After that agreement is made, the paper goes on to state a further agreement: "It is further understood and agreed that the party of the second part will furnish the party of the first part with sufficient space under the track of said party of the second part, to accommodate the contents of four coal cars." That we construe to mean sufficient space under the siding as distinguished from the spur track; and the jury will have to determine from all the evidence in the case whether that agreement has been carried out. Whether it has or has not been carried out, will depend upon the construction of those four coal cars. There are spaces under this siding sufficient to accommodate a certain amount of coal. That is now the question for the jury to decide.

Now you must decide, I repeat, if you find that this agreement has been broken, how much the plaintiff was injured; what, in other words, would be sufficient to compensate him,

Charge of Court below.

to make him whole for the inconvenience he has suffered. I am bound to say that there is not much evidence produced by the plaintiff on that subject; and if the jury do not find sufficient evidence in the case to enable them to come to a fair, and just, and satisfactory conclusion upon the subject of injury, the plaintiff must bear the responsibility of having failed to furnish you with evidence sufficient to sustain him on that point.

[The other question arises under this clause : "And will also put up, at its own cost, a spur track for the use of the party of the first part." Now with regard to that, there would be a question to be submitted to the jury, if there was any practical use in submitting it, as to whether this has been carried out; but, as the jury have already heard, in the statement of the court to the counsel, in our opinion the plaintiff entirely failed to show any evidence from which the jury would be justified in making an allowance in damages for the alleged breach of this clause, and, therefore, as the jury could only allow nominal damages on that count, it seems to me it must be a waste of time to discuss it any further. Whether the agreement has been broken or not, is not a matter of any practical consequence, unless it is to be followed by nominal damages. It does not seem to me to be worth while to take up your time with considerations about it. As the evidence is not in the case, to submit to you upon that point, in our opinion, about which, of course, we may be in error, we will therefore say nothing more upon the subject.] [1]

—The jury returned a verdict for the plaintiff for $1,224.85.*

TRESPASS, TO NO. 385.

The same day, a jury was called in the action of trespass, wherein damages were claimed for the entry upon plaintiff's land, outside the sixteen feet strip, and the construction thereon of a spur track running away from the plaintiff's buildings, and, as was claimed, designed for the defendant's own use and that of a neighboring coal yard to which it ran. The plaintiff having rested, the defendant offered in evidence the record of the assumpsit to No. 384, for the purpose of establishing an

---

* This amount was admitted by the parties to be the $1,000 consideration, with interest, and $200 additional, as damages for the imperfectly constructed coal bins.

Charge of Court below.

estoppel against the plaintiff from recovering any damages in this case. Offer admitted.

At the close of the testimony on both sides, the court, Mc-Pherson, J., charged the jury in part as follows:

This is a comparatively simple question for you to decide, because the few facts in the case are not at all in dispute. It is not at all in dispute, that this ground, upon which the track in question is laid, belongs to the plaintiff. The railroad company makes no claim to it, has not attempted to take it by virtue of its power of eminent domain, has no claim to it in the article of agreement, and concedes that it belongs to the plaintiff. Upon the other hand, it is conceded that this track, put down upon this piece of ground, belongs to the railroad company. It also appears, without dispute, that the railroad company put this track down upon this piece of ground. That being so, of course, without more it would appear that the railroad company was upon another man's ground, where they had no right to be, and, therefore, that it was a trespasser; and upon such a showing the railroad company would be called upon to show by what right it was there.

The reply to the case thus stated, is the production of this article of agreement. It was put in evidence by the plaintiff. I am stating the case so as to make it as clear as possible. The railroad company, I say, produces this article of agreement, and in it is found the following provision: " and will also put in, at its own cost, a spur track for the use of the party of the first part." That is the clause under which the company defends. That clause, it says, justifies it in being where it is. But you will observe that there is no provision in this agreement at all, determining where this spur track is to go. The location was evidently left by the parties to be fixed by future adjustment. The agreement, I repeat, is entirely silent upon that subject. It simply provides that the railroad company was to put in a spur track. Of course, if the parties actually agreed as to where the spur track was to go, and it was then put down in accordance with that agreement, then, this agreement, and the subsequent arrangement of the parties fixing its location, would be a complete defence for the railroad company to this action. They could say, then, " We are not trespassers, because

we agreed to put in a spur track for you upon your own ground, and you told us where it was to go, and we put it in that place." That, then, is the real question at issue in this case for you to decide. The question of fact, and as I understand it, the only question of fact in this case, is, namely, whether there was such an agreement between the plaintiff's officers and the defendant's officers, determining where this spur track was to be; of course, determining, to state it in other words, that it was to be where it now is, because we are concerned with the spur track as actually located upon the ground.

You have seen the draft of the situation, you know just where it is, and you have heard the testimony of the witnesses. The plaintiff's witnesses testify that no such agreement was made, that the matter was left open for future arrangement, that they were never consulted before the work was begun, and that, although a draft may have been sent to them before that time,—that is a question for the jury,—they did not assent to it, and that no agreement was come to up to the time when the railroad company entered upon the ground covered by this spur track. Mr. Christian, who is the supervisor of the defendant company, testified that there was an agreement that it was to go where it now is, and that, in consequence of that agreement and arrangement, it was put where it now is. You observe there is a conflict of testimony here, and you must resolve it as best you can. . . . . Was there an agreement made that the spur track was to go down where it now is? If that agreement was made by the plaintiff with the defendant, then this action cannot be maintained. Was it, on the other hand, the true view that no such agreement was made? Perhaps, gentlemen, the negotiations were pending and had not been completed. If that is the case, and the railroad company entered upon this ground covered by this spur track, put up this structure without the making of the agreement, then they are there without authority and are technically trespassers, and are liable for whatever damages they have actually done. . . . .

That is the whole case. You see the plaintiff's right to recover turns upon the question of whether an agreement was made between them, as to where this spur track was to be located, and if you find no such agreement, by the preponderance of evidence, was made, then of course your verdict would

have to be for the plaintiff.    And then you come to the question of damage, about which I have already said sufficient.

The defendant has several short points here, which I will read and answer.    The court is respectfully requested to charge the jury as follows:

1. The judgment recovered by the plaintiff against the defendant, in No. 384 January Term 1891, is a bar to the recovery of any damages in this action, and the verdict must be for the defendant.

Answer: Refused.    Thère is no judgment in the case referred to; but, treating the verdict as equivalent to a judgment, the question now involved was not, and could not have been decided there.[a]

2. If the jury find that the defendant began the construction of the spur track in controversy under the agreement in evidence, defendant is not liable for damages in this action, and the verdict must be for the defendant.

Answer: Refused.    Unless the present location of the spur track was fixed by agreement of the parties, the defendant had no right to put it upon the plaintiff's land, although it may have supposed it was acting under agreement.[b]

The jury returned a verdict for the plaintiff for $125.    A rule for a new trial having been argued, the court, McPherson, J., on April 13, 1891, filed the following opinion:

Upon the trial of No. 384 January Term 1891, a suit between the same parties, the plaintiff asked, and was allowed, to amend its declaration, so as to claim damages for the defendant's alleged neglect to build a spur track according to a written contract which had been given in evidence.    Some testimony on this subject was given, but the court withdrew the whole matter from the jury and they were not permitted to pass upon, or consider, any question connected therewith.    When the case now before us came to be tried on the same day, wherein the whole subject of the spur track was separately dealt with, the defendant by its first point asked for an instruction that the record in No. 384 was a bar to recovery.    Under the circumstances this position was highly technical, and the point was refused for two reasons: First, because no judgment had been rendered in the former proceeding; and second, because in our

opinion the question involved in No. 385 was not decided, and could not have been decided in No. 384.

It certainly was not decided there; but, it is now argued that the second reason given by the court was erroneous because the matter could have been heard and decided under the amended declaration, and therefore that the plaintiff should not have been allowed to recover here. It is not necessary to consider this argument, however, because the first reason given by the court is in itself a sufficient answer to the point : Velott v. Lewis, 102 Pa. 326. And, if the answer be considered technical, it may be said that it meets an objection of the same nature, and is intended to reach the merits and justice of the case. To avoid all difficulty, however, we will file with this opinion an order, in No. 384, revoking the permission to amend and striking the amendment from the record, thus making the record state truly the issues which alone were tried and determined. The ground of the defendant's present objection being thus removed, we refuse a new trial and direct judgment to be entered on the verdict upon payment of the jury fee.

ASSUMPSIT, NO. 384.

In the action of assumpsit, the court, the same day, filed the following order :

'The subject matter of the amendment to the declaration, allowed at the trial, having been withdrawn from the jury by the court, and the issues involved therein not having been passed upon or considered by the jury ; now, therefore, in order that the record may truly state the questions raised and determined by the verdict, it is ordered that the allowance of the amendment be revoked, and the amendment itself be stricken from the record.[2]

—In the meantime, to wit, on March 10, 1891, judgment had been entered on the verdict to No. 384 ; whereupon, the defendant took the appeal to No. 42, specifying that the court erred :

1. In the portion of the charge embraced in [ ] [1]

2. In entering on the record the order of April 13, 1891.[2]

And on May 9, 1891, judgment was entered on the verdict to No. 385 ; whereupon, the defendant took the appeal to No. 43, specifying that the court erred :

1, 2. In the answers to the defendant's points.[a] [b]

3. In entering judgment for the plaintiff.

*Mr. Wm. B. Lamberton*, for the appellant :

That the plaintiff had a right to make the amendment, counsel cited : Steffy v. Carpenter, 37 Pa. 41 ; Schoneman v. Fegley, 7 Pa. 433 ; Beeson v. Commonwealth, 13 S. & R. 249, 253 ; Hellings v. Wright, 14 Pa. 373 ; and it would have been error to refuse it : Wilhelm's App., 79 Pa. 120, 135 ; Mechanics' & T. Ins. Co. v. Spang, 5 Pa. 113 ; Commonwealth v. Meckling, 2 W. 130 ; Newlin v. Palmer, 11 S. & R. 98.    That the record of a former recovery is conclusive : Kilheffer v. Herr, 17 S. & R. 322 ; Rockwell v. Langley, 19 Pa. 502, 508 ; Hess v. Heeble, 6 S. & R. 57, 61 ; Simes v. Zane, 24 Pa. 242, 244 ; Buck v. Wilson, 113 Pa. 423 ; Sykes v. Gerber, 98 Pa. 183 ; Bethlehem Water Co. v. Yoder, 112 Pa. 136 ; Corbet v. Evans, 25 Pa. 310 ; Alcott v. Hugus, 105 Pa. 350 ; Logan v. Caffrey, 30 Pa. 196 ; Marsh v. Pier, 4 R. 289 ; Brenner v. Moyer, 98 Pa. 278 ; Carvill v. Garrigues, 5 Pa. 152.    That a judgment on the verdict was not indispensable ; Shaeffer v. Kreitzer, 6 Binn. 432.

*Mr. H. M. Graydon*, for the appellee.

### NO. 42.

OPINION, MR. JUSTICE STERRETT :

We have not been furnished with a copy of plaintiff's statement, but, from appellant's history of the case and charge of the court, we understand that this action of assumpsit is based on the written agreement of August 30, 1890, wherein plaintiff leased to defendant, for sixty-seven years, a strip of land sixteen feet by three hundred feet, for the purpose of constructing and maintaining thereon a railroad track or siding, etc. In consideration of said lease, defendant agreed to pay one thousand dollars, and also to furnish plaintiff, in the language of the contract, " with sufficient space under the track of said party of the second part, to accommodate the contents of four coal-cars, and also to put in, at its own cost, a spur track for the use of the party of the first part, and also keep the well open."    The damages claimed were : (1) One thousand dollars and interest for the unpaid cash consideration ; (2) for addi-

tional land taken outside the sixteen feet wide right of way ; (3) for failure to provide the coal spaces under the track, as required by the contract; and (4), under amendment made during trial, damages for failure to construct the spur track as agreed upon.

As to the first item of claim; there was no controversy. It was not pretended that the one thousand dollars cash consideration for the lease was ever paid, and the only question was, from what time should interest be computed? That was a question of fact, properly left to the jury.

The testimony offered in support of the second item was excluded as incompetent and irrelevant.

Some evidence was introduced, under the amendment, for the purpose of sustaining the fourth item of claim; but the court, being of opinion that it was insufficient to justify the jury in finding damages for the alleged breach of defendant's agreement to put in the spur track, withdrew that subject from the consideration of the jury, and afterwards struck from the record the amendment under which the testimony relating to that subject was introduced. That order is as follows:

" The subject matter of the amendment to the declaration allowed at the trial having been withdrawn from the jury by the court, and the issues involved therein not having been passed upon or considered by the jury ; now, therefore, in order that the record may truly state the questions raised and determined by the verdict, it is ordered that the allowance of the amendment be revoked, and the amendment itself be stricken from the record."

This left nothing for the consideration of the jury, except the questions of interest on the one thousand dollars and damages for alleged breach of agreement to provide the coal spaces under the track. It was, of course, the province of the court to construe the written contract. That was correctly done, and in connection therewith the two questions above stated were fairly submitted to the jury. Their verdict in favor of plaintiff shows that they found in its favor on both questions, and judgment was entered on the verdict.

The only specifications of error are (1) to that part of the charge wherein the learned judge withdrew from the jury the fourth item of plaintiff's claim, viz., damages for non-compliance

with the contract to construct the spur track; and (2) the subsequent order revoking the amendment and striking the same from the record.    In neither of these rulings have we been able to discover any error of which the defendant has any just reason to complain.    The insufficiency of plaintiff's evidence certainly warranted the court in withdrawing the fourth item of its claim from the consideration of the jury.    If either party was prejudiced by the action of the court in that regard, it was the plaintiff, and not the defendant.    For the same reason, defendant has no standing to complain of the subsequent order striking off plaintiff's amendment, which had become useless, because the testimony it introduced for the purpose of sustaining the item of claim based thereon proved to be insufficient to justify its submission to the jury.    If the amendment had been permitted to remain on the record, it might have been invoked by defendant as a technical objection to plaintiff's recovery in the subsequent action of trespass; but there is no merit in any such consideration as that, as a ground of reversal in this case.

The assignments of error are not sustained.

Judgment affirmed.

### NO. 43.

OPINION, MR. JUSTICE STERRETT:

The facts necessary to a proper understanding of this contention are sufficiently stated in the charge of the court.

It is conceded that the land on which the spur track was constructed by the company defendant belongs to the plaintiff. It is not claimed by the company that it had any right to enter thereon, except such as it may have acquired under the clause contained in the contract of August 30, 1890, wherein it agreed, as part consideration for plaintiff's lease, " to put in, at its own cost, a spur track for the use of the party of the first part." After referring to the agreement, and reciting the clause above quoted, the learned judge, in charging the jury, said :

" That is the clause under which the company defends.    That clause, it says, justifies it in being where it is.    But you will observe that there is no provision in this agreement at all, determining where this spur track is to go.    The location was evidently left by the parties to be fixed by future adjustment.

The agreement, I repeat, is entirely silent upon that subject. It simply provides that the railroad company was to put in a spur track.  Of course, if the parties actually agreed as to where the spur track was to go, and it was then put down in accordance with that agreement, then the agreement, and the subsequent arrangement of the parties fixing its location, would be a complete defence for the railroad company to this action. They could say, then, ' We are not trespassers, because we agreed to put in a spur track for you upon your own ground, and you told us where to go, and we put it in that place.' That, then, is the real question at issue in this case for you to decide.    The question of fact, and, if I understand it, the only question of fact, in this case, is whether there was such an agreement between the plaintiff's officers and the defendant's officers determining where this spur track was to be ; in other words, determining that it was to be where it is now. . . . . The plaintiff's witnesses testify that no such agreement was made ; that the matter was left open for future arrangement ; that they were never consulted before the work was begun." etc.   " If that is the case, and the railroad company entered upon the ground covered by the spur, put up the structure without making the agreement, then they are there without authority, and are technically trespassers, and liable for whatever damages they have actually done."

It was undoubtedly the province of the court to construe the agreement on which, in connection with other evidence, the railroad company based its defence.   Neither the right of the court to do so, nor the correctness of its construction, has been questioned by either party.   The controlling question of fact, thus submitted to the jury, was found in favor of the plaintiff, and damages were accordingly assessed.

The only errors assigned are the learned judge's answers to defendant's first and second points for charge, and the entry of judgment on the verdict.   In the first point, the court was requested to charge that " the judgment recovered by the plaintiff against the defendant in No. 384 January Term 1891, is a bar to the recovery of any damages in this action, and the verdict must be for the defendant ."   Either of the reasons given for refusing this point is a sufficient answer to the first specification of error.   In the first place, no judgment had then been

entered on the verdict in No. 384 January Term 1891. The trial of that case had just been concluded when the present case was taken up. But, as the learned judge said, treating the verdict as equivalent to a judgment, the question involved in this case was not, and could not have been decided in that case. It was an action of assumpsit between the same parties, and was brought in this court on appeal. In an opinion just filed at No. 42, May Term 1891, the judgment has been affirmed. By referring to the opinion, it will appear that the only question involved in this action of trespass was not passed upon in that case. The testimony relating to the failure of defendant to put in a spur track for use of the plaintiff, according to contract, was distinctly withdrawn from the jury, and the amendment under which the testimony on that subject was introduced was stricken from the record. For obvious reasons there was no error in the qualified refusal of defendant's second point, nor in entering judgment on the verdict. Under the agreement of August 30, 1890, as properly construed by the court, it was necessary that the location of the spur track should be fixed by the parties. Whether it was so fixed or not was the question of fact submitted to the jury. That controlling question was passed upon by the jury, and found in favor of plaintiff.

There appears to be no error in either of the three rulings complained of

Judgment affirmed.