# Dougherty *v.* Lehigh Coal & Navigation Company, Appellant.

*Evidence—Res adjudicata—Estoppel—Verdict—Judgment.*

No question becomes res adjudicata until it is settled by a final judgment. For this reason the verdict of a jury is not admissible as evidence to create an estoppel before it has received the sanction of the court by passing into a judgment. Until then, it is liable to be made nugatory by an order arresting judgment or granting a new trial.

In an action by an administrator on a certificate of indebtedness issued by a corporation, where a third party intervenes as a party defendant, and claims ownership of the certificate as a gift from the decedent, such intervening party is not entitled to offer in evidence a verdict in her favor in an action of trespass brought against her by the administrator for her alleged unlawful detention of the certificate, where it appears that no judgment had been entered upon such verdict.

Argued Feb. 19, 1902. Appeal, No. 13, Jan. T., 1902, by defendant, from judgment of C. P. Schuylkill Co., Jan. T., 1901, No. 165, on verdict for plaintiff in case of John Dougherty, administrator of Patrick McGee, v. Lehigh Coal & Navigation Company and Mary Andrews. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Assumpsit upon a certificate of indebtedness issued by the Lehigh Coal & Navigation Company to Patrick McGee for a loan. Before Marr, J.

At the trial it appeared that Mary Andrews had intervened as a defendant and claimed the certificate as a gift from the decedent in his lifetime.

Counsel for Mary Andrews made the following offer:

Mr. Ulrich: I desire to offer in evidence the record in No. 209, March term, 1900.

Mr. Wilhelm: Objected to.

Mr. Ulrich: The case of John Dougherty, administrator of Patrick McGee, against Mary Andrews, summons in trover and conversion, which record shows—

Mr. Wilhelm: The record will speak for itself. We object to it as irrelevant and immaterial, because it is a different cause of action; that the original case here is John Dougherty, ad-

ministrator, against the Lehigh Coal & Navigation Company, and it is for a matter that is not material to this suit at all.

Mr. Ulrich : This record shows that the same parties now before the court were the parties in that case ; that the same subject-matter was alleged in that case, and that the verdict in that case was for the defendant, Mary Andrews. In connection with that, I desire to offer in evidence the statement or declaration filed by the plaintiff, which shows that the same paper in litigation now was litigated in that case.

Mr. Wilhelm : We are litigating about a deposit.

Mr. Ulrich : The same thing is set out here that the deposit was represented by this receipt.

The Court : I will sustain the objection.

Defendant excepts. Bill sealed. [1]

Defendant presented this point:

It appearing from the evidence that this plaintiff instituted a suit in the court of common pleas of Schuylkill county to No. 209, March term, 1900, to recover the possession of the receipt in evidence, representing the money sought to be recovered in this case, and that, after trial, the jury rendered a verdict in favor of the defendant, Mary Andrews, which verdict is a record in this court and not disposed of and a bar to this suit, therefore, your verdict must be for the defendant. *Answer :* The suit to No. 209, March term, 1900, was between ·John Dougherty, administrator, v. Mary Andrews, and relates to this receipt or certificate in evidence. The present case was brought by John Dougherty, administrator, v. The Lehigh Coal & Navigation Company for money on deposit, and Mary Andrews was permitted, upon her petition, to come in and defend, she claiming the money. Under this state of the record we refuse this point. [2]

Verdict and judgment for plaintiff for $12,194.20. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2) above instructions, quoting them.

*J. O. Ulrich,* for appellant.—A verdict for the same cause of action, between the same parties, is conclusive: Bell v. Allegheny County, 184 Pa. 303 ; Carman v. Central R. R. Co., 195

Pa. 445 ; Penna. R. R. Co. v. Davenport, 154 Pa. 111 ; Sparry's Case, 5 Coke, 61 ; Bennett on Lis Pendens, secs. 2, 58 ; Marsh v. Pier, 4 Rawle, 273 ; Weigley v. Coffman, 144 Pa. 498 ; Pennock v. Kennedy, 153 Pa. 579 ; Sykes v. Gerber, 98 Pa. 179 ; Ahl v. Goodhart, 161 Pa. 455 ; Wilson v. Buchanan, 170 Pa. 14 ; Bolton v. Hey, 168 Pa. 418 ; Schwan v. Kelly, 173 Pa. 65 ; Becker v. Lebanon, etc., St. Railway Co., 11 Pa. Superior Ct. 649 ; Myton v. Wilson, 11 Pa. Superior Ct. 645 ; Commonwealth v. Patterson, 13 Pa. Superior Ct. 136 ; Cumberland Valley R. R. Co. v. Gettysburg, etc., Ry. Co., 197 Pa. 32 ; Bright v. Esterly, 199 Pa. 88.

*William Wilhelm*, *Joseph W. Moyer* and *George Dyson*, for appellee.

OPINION BY MR. JUSTICE BROWN, May 19, 1902:

Patrick McGee left with the Lehigh Coal & Navigation Company $11,200 as a loan, taking from it a certificate of indebtedness for that amount. He died December 29, 1899, and his administrator, John Dougherty, brought this suit to recover the amount alleged to be due his estate. The company was at all times willing to pay the loan, but Mary Andrews, the appellant, having claimed that McGee, in his lifetime, had made her a gift of the certificate, payment could not be made with safety to his administrator, and hence this suit, in which she was allowed to intervene as a party defendant upon her own petition, setting forth that the certificate and the entire sum of money which it represented belonged to her. On the trial of the case, the verdict was for the plaintiff, on which judgment was subsequently entered, and, on this appeal from it, the single error complained of is the court's refusal to allow the appellant to offer in evidence the verdict in her favor in the suit brought against her in the court below by the same plaintiff, to March term, 1900, No. 209. That suit was in trespass for her alleged unlawful detention of the certificate, on which this action of assumpsit was brought, and, after a trial, the verdict was in her favor. Reasons were immediately filed for a new trial, and a rule to show cause, granted on November 28, 1900, was made absolute December 23, 1901. During the pendency of this rule the present case was called for trial on November 25, 1901,

and, on November 27, 1901, a verdict was rendered for the plaintiff.

The offer of the record in the suit to March term, 1900, No. 209, was made, as was stated in the court below, as well as here, for the purpose of showing that the claim of the appellant to the money in the hands of the Lehigh Coal & Navigation Company was res adjudicata, the verdict in her favor being, as contended, a bar to the plaintiff's right to recover in this suit.    The offer was disallowed for no reason given by the court at the time, but, in his opinion refusing a new trial, it is evident that it was excluded by the learned judge because the suit was between other parties, and for the still better reason that there had been no judgment on the verdict.    For this latter reason we sustain the court's ruling.    The error into which counsel for appellant seems to have fallen is in confounding a verdict upon which judgment has been entered, or which cannot be disturbed, with one upon which judgment cannot be entered until the court passes upon the reasons before it for setting it aside.    A verdict, when rendered, is under the control of the court in which the case was tried, and the power to set it aside for good reasons must be exercised.    Without this power and its exercise in proper cases, justice could not be judicially administered.    The verdict which, in this case, the appellant insists was conclusive of her right to the money, was subsequently set aside by the court, and, at the time she wished to offer it in evidence, the motion to set it aside was pending. It was then evidence of nothing at all, except that it had been rendered.    It was conclusive of nothing, for the record of which it formed a part showed at the time it was offered in evidence that it might be set aside ; as a matter of fact, as already stated, it was thereafter set aside, and, on the new trial awarded, a finding might have been against her instead of for her.    The uncertainty of her right to judgment on it at the time she wished to use it as conclusive of her right to the money in controversy made it uncertain and of no value as a piece of evidence in support of her claim.    If judgment had been entered on it, it would have been conclusive upon the parties to the issue in which it was rendered of what the jury had found ; but, with no judgment on it, it was inadmissible : Wharton on Evidence, sec. 781 ; Black on Judgments, sec. 506 ; Middletown

Furniture Manufacturing Co. v. Philadelphia & Reading R. R. Co., 145 Pa. 187. "No question becomes res adjudicata until it is settled by a final judgment. For this reason, the verdict of a jury is not admissible as evidence to create an estoppel, before it has received the sanction of the court, by passing into a judgment. Until then, it is liable to be made nugatory by an order arresting judgment or granting a new trial:" Freeman on Judgments, sec. 251.

Judgment affirmed.