## Grear v. Buholz, Appellant.

*Res adjudicata—Plea—Failure to enter judgment—Practice, C. P.*

A plea that a case was res adjudicata by reason of a former trial, cannot be maintained where it appears that no judgment had been entered on the verdict reached at the prior trial.

*Practice, C. P.—Rule for judgment n. o. v.—Reargument.*

Where a verdict is rendered for plaintiff, but no judgment is entered thereon, and subsequently the court grants a motion for judgment for defendant n. o. v. and thereafter, but before judgment has been entered and in the same term, the court grants a reargument, the court may, after the term has expired, revoke the former order and direct a judgment on the verdict.

380, (1917).]     Statement of Facts—Arguments.

Argued Dec. 14, 1916.  Appeal, No. 254, Oct. T., 1916, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1914, No. 5189, on verdict for plaintiff in case of Richard D. Grear and Edith M. Grear v. William Buholz.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit for breach of contract.  Before PATTERSON, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $275.  Defendant appealed.

*Errors assigned* were (1) in granting petition for reargument, (2) in revoking orders allowing motion for judgment n. o. v. and (3) in directing judgment to be entered on verdict, and in overruling motions for judgment for defendant n. o. v.

*James L. Monihan,* with him *Robert A. Meier* and *G. Coe Farrier,* for appellant.—The question at issue was res adjudicata: Follansbee v. Walker, 74 Pa. 306; Walters v. Proper, 60 Pa. Superior Ct. 427; Bell v. Allegheny County, 184 Pa. 296; Porter v. Mack, 50 W. Va. 581.

The court below did not after the March term had expired, have the right to revoke the entry of judgment for the defendant n. o. v.: Ullery v. Clark, 18 Pa. 148.

*Hugh Roberts,* for appellee.—A verdict on which no judgment was entered, cannot be given in evidence as conclusive on the parties in a subsequent suit: Middletown Mfg. Co. v. Philadelphia & R. R. Co., 145 Pa. 187.

The court has power on motion to strike off or set aside an illegal judgment, that is, one which so appears on the face of the record.  Schneider v. Bates, 49 Pa. Superior Ct. 430; Eddy v. Smiley, 26 Pa. Superior Ct. 318; Citizens Nat. Bank v. Hileman, 234 Pa. 627.

OPINION BY TREXLER, J., April 16, 1917:

The defendant claims that the matters involved in this trial have been adjudicated in a former trial. It appears however that no judgment was ever entered on the verdict. This is fatal to the plea. "No question becomes res adjudicata until it is settled by a final judgment. For this reason the verdict of a jury is not admissible as evidence to create an estoppel, before it has received the sanction of the court by passing into a judgment": Dougherty v. Lehigh Coal & Navigation Co., 202 Pa. 635.

The only other question which requires notice is whether or not the court had the.right to revoke its first order of March 29, 1916, in which it granted defendants motion for judgment n. o. v. No judgment was entered on the order of the court. On May 29, 1916, the court granted plaintiffs rule for rehearing and reargument. This was within the term. On June 8, 1916, after the term, the court revoked its former order and directed judgment to be entered on the verdict. After the motion for a rehearing and reargument was presented the matter was sub judice and the court after consideration of the matter could enter judgment on the record after the expiration of the term. This we think was within its power more especially as it does not appear that judgment had ever been formally entered on the verdict.

Judgment affirmed.