Werry et ux., Appellants, *v.* Sheldon et al.

14

Argued October 22, 1941. 

 Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ. 

*George T. Robinson,* of *Gearhart & Robinson,* for appellants.

*Russell L. Mervine,* for appellees.

OPINION BY BALDRIGE, J., February 28, 1942:

Karl Werry and Emma Werry, his wife, appellants herein, seeking a construction of a grant in a certain deed under which they claim the right to use a private road across the land of Harry A. Sheldon free from any interference, filed a petition in the court below for a declaratory judgment.

After an answer was filed thereto the parties agreed that the issues involved should be determined on the basis of the testimony taken at a hearing of a bill in equity previously filed by the Werrys seeking to restrain Albert L. Jarvie and Annie S. Jarvie, his wife, the predecessors in title of Sheldon, the present owner, from interfering with the Werrys' use of an alleged prescriptive right of way across the land then owned by the

Jarvies. The learned court below, after a trial was had, entered a decree on December 26, 1933, denying the injunction prayed for and dismissed the bill, which decree was to become final unless exceptions were filed within ten days. Within that period the plaintiffs filed exceptions, but before they were disposed of the plaintiffs on December 6, 1937, filed a petition praying leave to amend their bill in equity by claiming a right of way by grant instead of by prescription. Defendants filed an answer thereto and the court below, after argument, on May 20, 1938, denied plaintiffs the right to amend the bill "without prejudice to any action at law or equity which plaintiffs may have had at the time of presenting their petition to amend."

The next step taken was the filing of the present petition. The deed, containing a grant upon which the petitioners base their right to a private road, is from Frank Van Gordon, respondents' predecessor in title, to plaintiffs' predecessor in title, Mary T. Leas, bearing date January 31, 1899, and duly recorded. It gives and grants to the grantee, her heirs and assigns "the free and uninterrupted use" of a private road on the grantor's land, situate in Middle Smithfield Township, and previously owned by Barney Decker. The "said private road leading from the Milford Road to the property of Fred Overfield and conveyed to him by William Gunsaules, Administrator ......" The grantee was "to have the privilege of dispensing or removing the gates at each end of said private way or road, provided she, the said Mary T. Leas, or her heirs or assigns, erect a good substantial fence along the side of said road which is now unfenced, and to keep the same in good repair; the said fence so constructed to have placed in it a pair of bars, for each field as designated by the said Frank Van Gordon. In case no fence is constructed the gates are to remain as they are now."

The respondents' answer to the petition averred that the grant in the deed upon which petitioners rely is in-

effective because it is too indefinite as to the location of the road. They averred by way of new matter that the issues involved were determined in the equity proceeding and are now res adjudicata, and further that the plaintiffs had lost by non user any rights they might otherwise have had.

The petitioners filed a reply to the new matter. The case was argued before SHULL, P. J., who denied petitioners' prayer on the ground that although there was evidence of a roadway across respondents' land for upwards of 70 years it has been ambulatory. The court recognized that it was clearly the intention of the parties that there should be a roadway, but held that the grant itself was so general that the location of the roadway could not be fixed, and that the extrinsic proof offered failed to show its location. The court accordingly decreed that the petitioners were not entitled to a roadway. From that decree this appeal was taken.

That there was a grant of a right of way and that a private road was used for many years across the respondents' land are not questioned. The dispute before us is not, therefore, over the granting of a right of way, that has been decided, but over the location thereof. Decisions relating to the creation of ways by prescription are not, therefore, helpful in the issue before us.

There does not seem to be any serious controversy over the location of either extremity of the road in question. A map offered in evidence definitely shows the courses and the distances of the southerly portion of the road extending from the state road in a general northerly direction to the barn of the defendant, and it gives similar information respecting the northerly end of the road extending from the Delaware Valley Railroad tracks to the house of the plaintiffs. The difficulty arises over the fixing of its location between those two points. The petitioners contend that they definitely located this road by extrinsic evidence.

A number of witnesses were called who testified to

the existence of a road in past years, approximately where it was located, and the use made of it. Some of them testified that the marks now on the ground indicate where it was in earlier days. It is unnecessary, however, at this time to review the testimony. The plaintiffs, in view of the express grant in the deed, are entitled to a road. Fixing the location may be attended with some difficulty but there is sufficient evidence on this record to locate it for the distance of approximately 1000 feet, as shown by the blueprint offered in evidence, between the railroad tracks and defendants' barn.

"The rule has been established in many jurisdictions that if an easement is granted in general terms which do not fix its location, the owner of the servient estate has the right, in the first instance, to designate the location of such easement. This right, however, must be exercised in a reasonable manner with due regard to the rights of the owner of the easement. In this situation, if the owner of the servient estate does not designate the location, the person entitled to an easement may select a suitable route, taking into consideration the interest and convenience of the owner of the land over which the easement passes. If a location is not selected by either the servient or the dominant owner and they cannot agree upon a location, a court of equity has the power affirmatively and specifically to determine the location of the servitude...... There is a well-established rule that where, at the time of a grant of right of way across land, made without designating the location, there is in use upon such premises a way plainly visible and known to the parties, such way actually in existence will be deemed that which is contemplated by the grant." 17 Am. Jur., Easements, section 86.

Where an easement is indefinitely located on definitely described land, if the parties fail to locate the roadway or disagree as to its location, a court of equity may determine its location: *Ingelson v. Olson,* (Min.)

272 N. W. 270, 110 A. L. R. 167. See, also, *Pennsylvania Water and Power Company v. Reigart,* 127 Pa. Superior Ct. 600 193 A. 311.

· We are all of the opinion that the case must be referred back to the learned judge below for him to fix the location of the road from the present record or from any additional evidence that may be produced.

We place no weight to appellees' contention that the evidence established a non user of this road by the plaintiffs or their predecessors in title and that it constituted an abandonment thereof. This easement, created by a grant, cannot be extinguished or affected by non user unless it is shown by some positive, adverse, and hostile interference by one who claims that the easement has been extinguished, or the loss of title in some other way recognized by law. No such situation is present.

It is not necessary that an owner of an easement appurtenant to land should make use of it to maintain ownership: *Weaver v. Getz,* 16 Pa. Superior Ct. 418.

We do not regard the rights of the petitioners now in question as being adjudicated in the bill in equity where the easement was alleged to have been acquired by prescription. Here they are relying on a grant in a deed, which was not considered or decided in the former proceeding. As above noted the court below in refusing an amendment did so without prejudice to bringing an action at law or in equity. Furthermore, no final decree was entered in the equity proceedings. A defense of res adjudicata cannot prevail in the absence of a final judgment: *Dougherty v. Lehigh Coal & Navigation Company,* 202 Pa. 635, 638, 52 A. 18; *Grear v. Buholz,* 66 Pa. Superior Ct. 380, 382. The equity action was not a bar to this proceeding.

The decree of the court below is reversed and the record is remitted for further proceedings in accordance with this opinion.