## John McShain, Inc. v. Cessna Aircraft Co.

*Henry B. Fitzpatrick,* for plaintiff.

*William A. Zurzolo* and *Gordon W. Gerber,* for defendants.

CAVANAUGH, *J.,* December 16, 1975—This is motion by Cessna Aircraft Company for leave to amend its anwer so that it can include as new matter the defense of collateral estoppel. There seems to be no issue as to the timeliness or propriety of defendant's filing its motion to amend. However, all parties in their arguments and briefs have addressed themselves to the validity of the defense offered as new matter in the present posture of the case. We, therefore, address ourselves to the issue as presented.

Cessna points to a finding of fact rendered in its favor by a jury in the Federal District Court for the Eastern District of Pennsylvania on June 12, 1975, civil action 72-808. In that case, plaintiff, John McShain, Inc., sued Cessna, who impleaded as third-party defendants, Wings, Inc., and Butler Aviation Friendship, Inc. Butler successfully sought leave to join Summit Aviation as a fourth-party defendant. Upon conclusion of the testimony, Judge Joseph McGlynn, Jr., submitted special interrogatories to the jury which specifically found that the landing gear and retraction system of the Cessna 421A aircraft, which McShain had purchased from Wings, Inc., was not defective in design. As Cessna had assumed liability for the cost of the repairs required after the first of two landing

gear collapses, the court molded verdict in favor of plaintiff, McShain, in the amount of $11,734.66 only and against defendant, Cessna. Cessna now argues that the question of the landing gear and retraction system design has been expressly resolved in its favor and, therefore, McShain cannot be allowed to relitigate it in this forum.

In his opposing memorandum, plaintiff asserts that the case in Federal court was prosecuted to a verdict only and that a verdict, standing alone, can have no effect whatever as res judicata or collateral estoppel. Plaintiff further argues that there is a motion for a new trial pending and that final judgment has not been entered.

The Federal court docket entries reveal that, after the jury answered the special interrogatories on June 12, 1975, the court entered judgment on the verdict on June 16, 1975, in favor of plaintiff, John McShain, Inc., and against defendant, Cessna Aircraft, in the sum of $11,734.66. By an order of the court dated June 13th and docketed June 16th, plaintiff was granted leave to file post-trial motions within 20 days of that date. On June 25, 1975, plaintiff filed a motion for a new trial pursuant to the court order of the 13th and F.R.C.P. 59. That motion is still pending in the District Court.

The question before the court is whether the judgment entered on June 16, 1975, which is subject to vacation should the District Court grant a new trial, is sufficiently final to operate as res judicata or collateral estoppel. The case law and the Restatement, Judgments (1942), lead to the conclusion that it is not.

The Pennsylvania cases and the Restatement Judgments (1942), have emphatically declared,

that only a final judgment can operate as res judicata. In Dougherty v. Lehigh Coal & Navigation Company, 202 Pa. 635, 52 Atl. 18 (1902), the Supreme Court adopted section 251 of Freeman on Judgments (1925) as the general rule:

" 'No question becomes res adjudicata until it is settled by a final judgment. For this reason, the verdict of a jury is not admissible as evidence to create an estoppel, before it has received the sanction of the court, by passing into a judgment. Until then, it is liable to be made nugatory by an order arresting judgment or granted a new trial'.": 202 Pa. at 639.

Grear v. Buholz, 66 Pa. Superior Ct. 380 (1917), cited Dougherty as controlling and concluded that the absence of final judgment was "fatal to the plea" of res judicata or collateral estoppel. The Restatement, Judgments (1942), stated in section 41 that: "The rules of res judicata are not applicable where the judgment is not a final judgment." The more recent case of Posternack v. American Casualty Company of Reading, 421 Pa. 21, 218 A. 2d 350 (1966), reaffirmed the same principle.

Comment (a) to section 41 of the Restatement attempts to define finality as that word is used in the law of former adjudication.

"a. Finality of judgments. For the purposes of the rules stated in this Subject a judgment at law is not a final judgment if further judicial action by the court rendering the judgment is required to determine the matter litigated; and a decree in equity is not a final judgment if further action by the court is required beyond the supervision of the carrying out of the decree."

Even though the trial court entered judgment on

the verdict in this case pursuant to F. R. C. P. 58, further action by the trial court is required to resolve the motion for a new trial and to further determine the status of the litigation and the rights of the parties. It is also clear that, for appellate purposes, this judgment is not final and will not become final until such time as plaintiff abandons it or the court denies it: Green v. Reading Co., 180 F. 2d 149 (3d Cir., 1950); Healy v. Pennsylvania R. Co., 181 F. 2d 934 (3d Cir., 1950).

In Gonzales v. Gonzales, 83 F. Supp. 496 (D.C. E.D. Pa., 1949), a wife sued to recover unpaid installments for support and maintenance due her and her three minor children. In a decree dated February 24, 1944, a New Jersey Court of Chancery had fixed the installments her husband was to pay each week. Under New Jersey law the wife had no vested right to recover unpaid arrearages of alimony or maintenance because the chancellor retained the power to modify the original order or to vacate it entirely. The court found as a matter of fact that the New Jersey decree had never been reduced to a final money judgment. The court cited the Restatement, section 41 and comment (a) thereto, and found that since the chancellor had retained the power to vacate or modify the decree, there had been no final judgment. Therefore, the New Jersey decree could not be given res judicata effect. The holding of Gonzales is clearly analogous to this case wherein the trial judge in Federal Court still has the power to disturb the judgment and to grant a new trial.

And now, December 16, 1975, the motion of Cessna Aircraft Company for leave to file an amended answer and new matter is denied.