# Purvis v. Overlander, Appellant.

*Equity—Jurisdiction—Alley—Obstruction of alley—Appurtenant way.*

A bill in equity for an injunction to restrain the obstruction of an alley may be maintained, where it appears that the plaintiff claimed title by mesne conveyances from the same person as the defendants or their predecessors in title, and that when the defendants or their predecessors bought their respective lots, the alley was an open, visible and permanent way across the end of the grantor's land to the plaintiff's land and in use by the plaintiff as a way.

Submitted May 4, 1910. Appeal, No. 42, April T., 1910, by defendants, from decree of C. P. No. 2, Allegheny Co., July T., 1908, No. 1,094, on bill in equity in case of Samuel A. Purvis v. Samuel S. Overlander, Marian Meek and Minnie Dietrick. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for an injunction.

SHAFER, J., filed the following opinion:

The bill is for an injunction to restrain defendants from obstructing a right of way.

### FINDINGS OF FACT.

1. In the year 1873, John F. Fletcher was the owner of certain lots of ground in the city of Allegheny, situate at the corner of Allegheny avenue and Locust street, fronting some sixty-two or sixty-three feet on Allegheny avenue and running back along Locust street seventy-two feet, having a frame house erected on the part of the lot farthest from Locust street, the remainder of the lots being vacant.

2. In that year Fletcher built three brick houses, fronting on Allegheny avenue, between the frame house and Locust street, and at the same time laid out an alley three feet wide, from Locust street, along the rear of the lots occupied by the three brick houses, to the rear of the lot occupied by the frame house, and paved the alley with brick, and built a fence separating it from the lots on which the three houses were built, with gates into the alley from each of them, and with a gate at the end of the alley into the lot of the frame house, and the alley was thereafter used by the occupiers of all these lots, for access in the rear of the houses, while the same belonged to Fletcher.

3. In 1880 Fletcher sold the lot with the frame house, to one William B. Kerr, by deed which made no mention of the alley, and this lot, by sundry conveyances, became the property of the plaintiff.

4. The lots upon which the brick houses were erected, continued in the ownership of Fletcher, and were occupied by his tenants until 1888, when he sold one of them to a grantee who afterwards sold same to Minnie Dietrick, one of the defendants, and in the same year sold another of these lots to the plaintiff herein, who after-

ward sold the same to Marian Meek, one of the defendants, and in 1899, sold the third lot to Samuel S. Overlander, another of the defendants. All of these deeds last mentioned, described the lot sold as being sixty-nine feet in depth to a three-foot alley, being the alley in question.

5. From 1873 until about 1884, the alley in question was the only means of access to the rear of the frame house, except a three-foot passage way over a porch, and after that date, by reason of an addition built to the front of the building, it became the only means of access to the rear of the lot.

6. The plaintiff and his predecessors in title have used the alley continuously and openly for more than twenty-one years before May 19, 1908, when the defendants put a gate across the alley at Locust street, and put a lock upon it, thus preventing the plaintiff from using the alley.

CONCLUSIONS OF LAW.

1. The plaintiff claims a right to use the alley in question, first, as appurtenant to his lot; and second, as acquired by prescription.

2. As to the claim by prescription, we do not deem it necessary to discuss the evidence upon which it is founded in the present case, for the reason that if the plaintiff's claim to the alley depended upon prescription alone, we should be of the opinion that his title in it was in such dispute that it ought to be first tried at law, and that, therefore, he would not be entitled to an injunction founded upon that title.

3. As to plaintiff's claim to the right of the alley as appurtenant to his lot, we are of the opinion that the conveyances above mentioned, and the facts found indicate beyond question that the alley is appurtenant to plaintiff's lot. It was laid out by the common owner of all the lots, paved and fenced by him, and used by his tenants of the lot now belonging to the plaintiff, and con-

stituted the only practical means of access to the rear of that lot.   He never parted with the title to the ground occupied by the alley, but conveyed his remaining land by description, running to the alley, giving the abutting owners the right to use it, and it has been so used continuously, until interrupted by the defendants as above stated.

When the defendants, or their predecessors in title, bought the lots, the alley was an open, visible and permanent way across the end of the grantor's land to the plaintiff's land, and in use by the plaintiff as a way.   We are of opinion that the case is ruled by the class of cases of which Liquid Carbonic Co. v. Wallace, 219 Pa. 457, is the latest to which our attention has been directed, and the right to use the alley in common with Fletcher and his grantees, passed by implication, as an easement appurtenant to the land granted.

As the facts upon which this conclusion rests are not in dispute, there is no reason why an injunction may not issue without a trial at law.

Let a decree be entered for an injunction restraining the defendants from maintaining a gate upon the alley in question, or otherwise obstructing its use by the plaintiff, in common with him, and that the defendants pay the costs.

*Error assigned* was decree awarding injunction.

*Noah W. Shafer*, for appellant.

*Craig Smith*, for appellee.

PER CURIAM, July 20, 1910:

The learned counsel for the appellant points out some differences of fact between this case and the case of Liquid Carbonic Company v. Wallace, 219 Pa. 457, cited in the opinion of the learned judge of the common pleas, but we do not understand the learned judge to cite that

case as controlling this one because of the exact similarity of the facts of the two cases, but as authority for the principle which is there clearly enunciated and had been declared in many previous cases. When the facts necessary to bring a case within that principle are not in dispute, the jurisdiction of a court of equity is clear. This is such a case, as is well shown in the opinion of the learned judge, which embraces his findings of fact and conclusions of law. We deem it unnecessary to add anything further to the discussion.

The decree is affirmed at the costs of the appellants.