## Liquid Carbonic Company v. Wallace, Appellants.

219    457
388C ¹ 35

219    457
226    ²507
226    ³514

*Easements—Ways—Intention—Vendor and vendee.*

Where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit, as the case may be.

The intent which lies at the basis of the creation of a servitude is not the grantor's actual and perhaps undisclosed intent, but the mutual intent of the parties as gathered from their acts and the circumstances as well as from their words.

These rules apply to a road laid out on a part of a tract of land. If the road is apparent on the ground and is the only road practicable to have access to the land, and there is nothing upon the ground to show that it was not intended to be permanent, the inference is that the road was intended to be permanent; and a grantee of another portion of the land is entitled to draw such inference without regard to the grantor's actual but undisclosed intent.

Argued Oct. 30, 1907. Appeal, No. 74, Oct. T., 1907, by defendants, from decree of C. P. No. 2, Allegheny Co., July T., 1906, No. 276, on bill in equity in case of Liquid Carbonic Company v. William T. Wallace and People's National Bank. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before SHAFER, J.

458 LIQUID CARBONIC CO. *v.* WALLACE, Appellants.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree awarding an injunction.

*J. Roy Dickie,* with him *Wm. W. Wishart,* for appellants.—
A servitude will not arise from a mere temporary conven-
ience adopted by the owner in the enjoyment of his land :
Phillips v. Phillips, 48 Pa. 178 ; Francies's Appeal, 96 Pa. 200 ;
Adams's Appeal, 7 W. N. C. 86.

That it may become a servitude, the quality or fact im-
pressed upon the land by the owner of the whole must be of
a permanent nature, notorious and plainly visible, and such
that from its character it may be fairly presumed that the
owner of the whole was desirous of and intended its preser-
vation permanently as a servitude : Phillips v. Phillips, 48 Pa.
178 ; Overdeer v. Updegraff, 69 Pa. 110 ; Cannon v. Boyd, 73
Pa. 179 ; Building Assn. v. Getty, 11 Phila. 305 ; Francies's
Appeal, 96 Pa. 200 ; Zell v. Universalist Society, 119 Pa. 390 ;
Geible v. Smith, 146 Pa. 276 ; Grace M. E. Church v. Dob-
bins, 153 Pa. 294 ; Manbeck v. Jones, 190 Pa. 171.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* with him
*Thomas S. Shultz,* for appellee.—The injunction was properly
granted : Seibert v. Levan, 8 Pa. 383 ; Kieffer v. Imhoff, 26
Pa. 438 ; Phillips v. Phillips, 48 Pa. 178 ; Geible v. Smith, 146
Pa. 276 ; Grace M. E. Church v. Dobbins, 153 Pa. 294 ; Ormsby
v. Pinkerton, 159 Pa. 458 ; Manbeck v. Jones, 190 Pa. 171 ;
Overdeer v. Updegraff, 69 Pa. 110 ; Cannon v. Boyd, 73 Pa.
179 ; Zell v. Universalist Society, 119 Pa. 390.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 6, 1908 :
The legal principle governing this case is thus expressed in
Grace M. E. Church v. Dobbins, 153 Pa. 294, " Where an
owner of land subjects part of it to an open, visible, permanent
and continuous servitude or easement in favor of another
part, and then aliens either, the purchaser takes subject to the
burden or the benefit, as the case may be." See also Manbeck
v. Jones, 190 Pa. 171.

The facts are not in material dispute. In 1890 Wallace,
one of appellants, became the owner of a large lot of ground in

the twentieth ward of the city of Pittsburg.   It was bounded by three streets and the Pennsylvania railroad, but being hilly and uneven, access to parts of it was difficult or very inconvenient.   Wallace began to grade it, and in the course of so doing roads were worn here and there over the property by the hauling incident to grading, the principal road so worn or constructed being in substantially the same position as that over which the plaintiff now claims a right of way.   In 1891, Wallace conveyed to the plaintiff a portion of said tract, bounded by the Pennsylvania railroad, two streets and other lands of Wallace afterwards conveyed to the Duquesne Reduction Company.   At the time of sale by Wallace to plaintiff the said road was used upon the ground and appellants admit that stone quarried upon other land of Wallace and sold to the plaintiff was hauled down over it.   Appellee used it in the erection of its buildings and claims that it was in general use by the owners of the adjacent properties for access, and it appeared that it had continued in such use until 1906 when appellants built a fence across it and plaintiff filed this bill.

The court found that it was the only wagon road on the lot, and that access from the streets by which the appellee's lot was bounded was impracticable for loaded wagons at most points, and very inconvenient for any other purpose.

The learned court below refused to find the road a way of necessity, because there were other ways of access and egress however inconvenient, citing McDonald v. Lindall, 3 Rawle, 492.

The court, however, found that " the road was apparent on the ground and there was nothing on the ground to indicate that it was not intended to be permanent."   He therefore found that the right to the use of the road passed by implication as an easement, appurtenant to the grant.

The argument of the appellant rests mainly on the view that the road having had its origin in temporary convenience to the owner of the larger lot was never intended to be permanent, and that the intention was an essential element in the creation of a servitude.   The principle in general may be conceded, and so long as the ownership of the dominant and servient lands remains in the same party the application of the principle may be determined by his actual personal intent.

But on a severance a question of conflicting rights arises and the intent which lies at the basis of the creation of a servitude is no longer the grantor's actual and perhaps undisclosed intent, but the mutual intent of the parties as gathered from their acts and the circumstances, as well as from their words. This principle was well expressed in Hopewell Mills v. Savings Bank, 150 Mass. 519 (cited though in a different connection in Bank v. North, 160 Pa. 303). " The intention to be sought is not the undisclosed purpose of the actor, but the intention implied and manifested by his act. It is an intention which settles, not merely his own rights, but the rights of others who have or may acquire interests in the property. They cannot know his secret purpose, and their rights depend, not upon that, but upon the inferences to be drawn from what is external and visible."

The facts as found by the court in the present case were that Wallace was at the time of the sale " the owner of the land over which the way is claimed and of the land to which it is now claimed to be appurtenant. Before the grant, Wallace had laid out and opened upon the ground the road in question, and it was the only road by which it was practicable to have access to the land. The road was apparent on the ground, and there was nothing upon the ground to indicate that it was not intended to be permanent." The natural inference from these facts would be that the road was intended to be permanent. That inference the grantee was entitled to draw without regard to the grantor's actual but undisclosed intent, and it therefore became the law of the case.

Decree affirmed at the costs of appellant.