## Tosh, Appellant, *v.* Witts.

Argued March 16, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

256

*Wayne S. Luce,* for appellants.

*Lee E. Whitmire, Jr.,* with him *Homer H. Swaney,* for appellees.

Opinion by Mr. Chief Justice Horace Stern, April 18, 1955:

This is an appeal from the lower court's refusal to order defendants to remove a fence which they had erected in order to block an alleged right of way of plaintiffs over defendants' land. The court dismissed the bill of complaint at the conclusion of plaintiffs' testimony.

Fourth *Avenue* intersects Fourth *Street* at right angles in the Borough of Freedom, Beaver County. Fourth Avenue runs in a northwesterly and southeasterly direction, Fourth Street from northeast to southwest. Plaintiffs own several contiguous lots fronting on Fourth Avenue southeast of Fourth Street, and they also owned a lot fronting on Fourth Street southwest of Fourth Avenue. On one of their Fourth Avenue lots they erected a two-story building containing on its upper story five garages which opened out onto Fourth Avenue, but, because of a sharply descending grade toward the southwest, four garages which were on the lower floor and which, being below the

street level of Fourth Avenue faced downhill, were accessible to motor vehicles from Fourth Street only through the rear of the lot. Accordingly plaintiffs had laid out and for many years maintained and used a driveway extending from Fourth Street southeastwardly toward the rear of the Fourth Street lot and then in a northeasterly direction upgrade to the garages on the first floor of the Fourth Avenue building.

Plaintiffs sold and conveyed the Fourth Street lot to defendants. The deed of conveyance was prepared by a loan association to which defendants had applied for a mortgage. When it was presented to plaintiffs for execution they found that no right to the use of the driveway had been reserved therein and they therefore returned it for correction. As redrafted it contained a clause the wording of which is the principal subject of the present controversy. As recorded in the Recorder's Office it reads as follows: "Subject to the driveway now existing on the premises and extending from Fourth ..................... to the rear of the premises herein described." But when the deed itself was produced by defendants at the hearing before the Chancellor it appeared plainly that the blank space after the word "Fourth" had originally contained the word "Avenue," which, being obviously erroneous, had been erased and the word "street," and above it the abbreviation "St.," inserted in pencil. How this came about does not appear in the evidence. At any rate the deed was delivered to defendants and they went into possession of the Fourth Street lot. Plaintiffs continued for more than two years thereafter to use the driveway over the lot as theretofore in order to gain access to the lower floor garages of their Fourth Avenue structure, but then defendants, denying their right thereto, erected a wire-rope fence across the driveway, thereby provoking the institution of the present action.

From plaintiffs' testimony it appears that the driveway was clearly and visibly laid out on the ground. It was paved with concrete where it started at the curb line of Fourth Street and the rest of it was covered with slag and ashes all the way up the hill to plaintiffs' garages; it was described as being about 12 to 14 feet wide at its Fourth Street end, that it then ran approximately of that same width in a southeasterly direction parallel with defendants' house on its downhill side for a distance of about 40 feet, and then turned in a northeasterly direction between the rear of defendants' house and the front of their garage on the rear of their lot, widening out after this turn to about 30 feet. The driveway being thus sharply defined it would seem that plaintiffs had brought their case well within the established principle* that, where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be, and this irrespective of whether or not the easement constituted a *necessary* right of way. Defendants had inspected the premises prior to the purchase and thus had actual notice of the existence of the driveway and the use which plaintiffs had made of it as the means of entrance to, and exit from, the lower level garages on their Fourth Avenue lot.

In plaintiffs' bill of complaint they set forth all the above facts but at the hearing their counsel stated that they did not base their claim on a right gained

---

* *Seibert v. Levan*, 8 Pa. 383; *Kieffer v. Imhoff*, 26 Pa. 438; *Manbeck v. Jones*, 190 Pa. 171, 42 A. 536; *Liquid Carbonic Co. v. Wallace*, 219 Pa. 457, 68 A. 1021; *Nauman v. Treen Box Co.*, 280 Pa. 97, 124 A. 349; *Heffley v. Lohr*, 149 Pa. Superior Ct. 586, 27 A. 2d 275; *Vanderwerff v. Consumers Gas Co.*, 166 Pa. Superior Ct. 358, 71 A. 2d 809.

by "prescription" arising from the use of the driveway for 21 years or more, but relied on the express reservation contained in their deed to defendants. Of course one does not gain a prescriptive right by adverse user during the period when he himself is the owner of the property. But apparently the court construed counsel's somewhat ambiguous concession as constituting an abandonment of any claim to an easement by *implied* reservation and, since there was some ground for such an interpretation, we proceed to a consideration of the *express* reservation in the deed.

There is no doubt but that, ordinarily, a party producing an instrument which shows apparent alterations has the burden of explaining them, particularly where they are to his benefit. In the present case, however, there does not arise any difficulty in that respect. The deed was produced at the hearing by the defendants and, admittedly, had been in their possession from the time of its original delivery to them, so that the penciled word "street" and the penciled abbreviation "St" must have been contained therein at that time, that is, before its execution, for certainly the defendants would not have written them in thereafter. And of course the fact that they were written in pencil would not make them any less a meaningful and valid part of the deed than if typed or written in ink. It is true, as already stated, that the record of the deed in the Recorder's Office showed merely a blank after the word "Fourth," but this was explained by counsel as due to the fact that under the prevailing practice in Beaver County the Recorder's office did not transcribe any words written in pencil; if this were true the court might have taken judicial notice of the fact. However, even were we to assume that the pencil notations were *not* in the deed, and that only a blank space was left after the word "Fourth," nevertheless

the law permits such an omission to be supplied if, from the context, it appears with certainty what word was omitted. It was said in *Oleon v. Rosenbloom & Co.*, 247 Pa. 250, 253, 93 A. 473, 474, that "In supplying omitted words which the context clearly shows must be read in connection with it, to make the instrument the full expression of the manifest intention and understanding of the parties to it, the same is neither altered, varied nor contradicted, but merely put in the shape in which it was intended it should be at the time it was executed." And so in *William B. Rambo Building & Loan Association v. Dragone*, 305 Pa. 24, 156 A. 311, where there was likewise an omission of a significant word, it was said (p. 26, A. p. 312) : ". . . the blank may be filled in by the court where it is clear what the unintentionally omitted word or words were intended to be." In the present case there can be no doubt as to the intention of the parties,—the grantors in executing and the grantees in accepting the deed. Certainly the clause in question was meant to have *some* significance; indeed that it was inserted for an important purpose appears all the more from the fact that plaintiffs returned the originally prepared deed to the conveyancer in order to have the insertion made. While, theoretically, the word "Fourth" could have referred to either Fourth Street or Fourth Avenue it is obvious that "Avenue" was not intended because a description of the driveway as extending from Fourth *Avenue* to the rear of defendants' lot would have made no sense and served no purpose whatever. What plaintiffs needed was the retention of the driveway which had always previously been used by them in order to obtain an outlet to Fourth *Street*, so that it is beyond all possible doubt that the reservation was intended to accomplish that object, and indeed plaintiffs did so use the driveway, with defendants' apparent acquies-

cence, for more than two years after the conveyance of the property. It is clear, therefore, that, subject to evidence that may be presented by defendants to the contrary, the deed must be construed as reserving to plaintiffs the right to the continued use of the driveway into and from Fourth Street.

It is contended by defendants that plaintiffs' testimony did not sufficiently fix the exact location and boundary lines of the alleged right of way. Even if this were so it would not be fatal to plaintiffs' claim because the location and boundaries of the driveway could be practically determined by its visible layout on the ground and by plaintiffs' use of it both previous and subsequent to the conveyance: *Taylor v. Heffner*, 359 Pa. 157, 58 A. 2d 450; *Werry v. Sheldon*, 148 Pa. Superior Ct. 13, 24 A. 2d 631; 17 Am. Jur. 987, 988, §86. But here again there is no room for question on this score because the reservation was of the driveway *"now existing on the premises"* and determinable therefore by mere observation. Nor is there any merit in defendants' criticism that the reservation clause described the driveway as extending "to the rear of the [defendants'] premises" without indicating a further continuation of it to the northeasterly boundary of the premises and so on to plaintiffs' own lot. Not only do the words "the driveway *now existing* on the premises" completely identify its limits and direction but if it were confined wholly to defendants' property without any outlet to plaintiffs' property the reservation would be wholly meaningless and of no value to plaintiffs whatever.

For the reasons herein expressed we are of opinion that the court was in error in dismissing plaintiffs' bill. Accordingly the decree is reversed and the record is remanded with a procedendo.