## Schrope v. Coppola

*Edward Unterberger*, for plaintiff.

*Lester Dolfman*, for defendant.

KUN, P. J., February 1, 1956.—From the bill, answer and proofs, the court makes the following

### Findings of Fact

1. By deed from M. R. Bockius dated January 15, 1923, and recorded at Philadelphia in Deed Book J. M. H. no. 1451, p. 490, plaintiff became the owner of the tract of ground described as follows:

"ALL THAT CERTAIN lot or piece of ground SITUATE in the 22nd Ward of the City of Philadelphia and described according to a survey or plan thereof made by Joseph C. Wagner, Esquire, Surveyor and Regulator of the 9th Survey District on the 9th day of August, A. D. 1910, as follows, to wit:

"BEGINNING at a point on the Southeast Side of Locust Avenue at the distance of one hundred twenty five feet Southwestward from the Southwest side of Boyer Street; thence extending Southeastward on a line at right angles to the said Locust Avenue two hundred feet to a point; thence on a parallel line with the said Locust Avenue South forty degrees thirteen minutes fifty five seconds West one hundred twenty four feet five and one half inches to a point; thence extending North forty nine degrees thirty eight minutes six seconds West two hundred feet to a point on the Southeast side of Locust Avenue and thence along same North forty degrees thirteen minutes fifty five seconds East one hundred twenty four feet to the first mentioned point and place of beginning."

2. Plaintiff conveyed said tract of ground to Barclay W. Glover by deed dated September 11, 1925, and recorded at Philadelphia in Deed Book J. M. H. no. 2157, p. 424.

3. As part of the consideration for said conveyance, plaintiff took back from the purchaser, Barclay W. Glover, a mortgage on part of the premises, dated September 11, 1925, and recorded in Philadelphia in Mortgage Book J. M. H. no. 4512, p. 348, with reference therein to the following easements:

"TOGETHER with the free and common use, right, liberty and privilege ingress and regress of a certain driveway laid out on the Southeast side of Locust Avenue at the distance of one hundred twenty five

feet Southwest from the Southwesterly side of Boyer Street.

"ALSO TOGETHER with the free and common use, right, liberty and privilege ingress and regress of a certain driveway laid out on the Southeast side of Locust Avenue at the distance of one hundred seventy five feet Southwestward from the Southwest side of Boyer Street.

"AND ALSO TOGETHER with the free and common use, right, liberty and privilege ingress and regress of a certain driveway laid out on the Southeast side of Locust Avenue at the distance of two hundred thirty feet Southwestward from the Southwest side of Boyer Street."

4. The driveway in question herein covers the westernmost 19 feet to a depth of 83 feet of the entire tract, being the third mentioned driveway in said mortgage.

5. Barclay W. Glover, the title holder, conveyed all the land described in the above mentioned deeds to Edward G. Murphy by deed dated November 30, 1925, and recorded at Philadelphia in Deed Book J. M. H. no. 2222 p. 519, said conveyance being made subject to the above mentioned mortgage.

6. The sheriff of the City of Philadelphia, upon foreclosure proceedings against Barclay W. Glover, sold and conveyed the tract described in the mortgage mentioned in paragraph 3 above to Elvin W. Schrope by deed dated February 18, 1929, and recorded in Deed Book J. M. H. no. 2972, p. 49, which deed included the use of the driveway in question, being the third mentioned driveway therein, as stated.

7. The City of Philadelphia filed an action against Edward G. Murphy in C. P. No. 4 of Philadelphia County, as of September term, 1952, T. L. D. no. 2405, upon a tax lien against the driveway in question, on the southeasterly side of Locust Avenue at

the distance of 230 feet southwestwardly from Boyer Street, 19 feet in front by 83 feet in depth.

8. The tract of ground as described in said tax lien was sold at public sheriff's sale and pursuant to said sale conveyed by the sheriff of the City of Philadelphia as of Edward G. Murphy to Anthony J. Coppola, defendant herein, by deed poll dated January 10, 1955, and recorded in Philadelphia in Deed Book M. L. S. no. 859, p. 133, which described the land purchased as "ALL THAT CERTAIN driveway", etc.

9. Prior to the commencement of this action, defendant had erected posts at the entrance of the driveway in question, which prevented the use of it by plaintiff and his tenants.

10. At a hearing on an application for a preliminary injunction, defendant agreed to remove the obstructions until the disposition of the case on final hearing.

11. Defendant, Anthony J. Coppola, made settlement with the City of Philadelphia for the land purchased at said sale at the Commonwealth Title Company of Philadelphia, under its certificate no. X-261910, which certificate also mentioned that said tract was a driveway and used as such by the tract of ground in the rear thereof, and the deed to defendant described the land purchased as "ALL THAT CERTAIN driveway", etc., as above stated.

12. The ground purchased by defendant is completely cemented over, is used as a driveway by the tract of ground in the rear thereof and is the sole means of ingress and regress to and from part of said tract of ground in the rear thereof, as said tract is presently developed. An examination of the property by any interested purchaser prior to the sale would have shown that the land sold is a driveway and used as such.

## Discussion

As late as the case of Tosh v. Witts, 381 Pa. 255, in a footnote on page 258, there is cited the case of Nauman v. Treen Box Co., 280 Pa. 97, along with other cases to support the principle long established in Pennsylvania, that a right of way which is open, notorious, permanent and continuous is not affected by either a private or public sale of the property over which it passes. The Nauman case is cited in Tide Water Pipe Co. v. Bell, in the same volume, 280 Pa. 104, at page 111, for the stated principle.

And at page 115, the court stated: "It should be noted that the cases bearing on this question are not said to be limited to private, sheriff's or orphans' court sales, but embrace all sales, *'public* or private' (Penna. R. R. Co. v. Jones, 50 Pa. 417), the former of which would naturally include tax sales."

And at page 117, the court stated: "We therefore hold that if land is sold for taxes, an easement, servitude, or interest in the nature of an easement, is not destroyed, but the purchaser takes subject thereto."

Accordingly, the court issued a permanent injunction against defendant purchaser at the sale under a treasurer's warrant, restraining him from interfering with the use of the easement or right of way there involved. We issued a similar injunction in Ludwig v. Costalas, C. P. No. 1, September term, 1954, no. 76, where the purchaser took title at a private sale of a strip of land, over which as a matter of record there had been created an easement for the benefit of other property.

The right of way in this case was sold by the sheriff by virtue of the authority contained in the Municipal Lien Act of May 16, 1923, P. L. 207, sec. 31, 53 PS §2051. That act requires " . . . the production of searches or a title insurance policy showing

the state of the record and the ownership of the property, and of all tax and municipal claims, mortgages, ground-rents, or other charges on or estates in the land . . .". The purpose of this is that anyone having a charge, claim or an estate in the land which could be discharged by a sheriff's sale should have notice of it to enable him to protect his interest at the sale, if he desired to do so. Plaintiff had no such claim or interest against the land, which could be discharged at sheriff's sale, and therefore his name was not mentioned in the search or title certificate, and consequently he had no notice of the sale. It is clear, as has been frequently decided, that the purchase by defendant of the "driveway" in question, whatever title it gave defendant to the bed of the land involved, did not deprive plaintiff of the use of the driveway.

Defendant contends that the easement in question was extinguished by sheriff's sale because the Municipal Lien Act of May 16, 1923, supra, provides, in section 31: ". . . purchaser at such sale (2nd) shall take, and forever thereafter have, an absolute title to the property sold, free, and discharged of all tax and municipal claims, liens, mortgages, charges, and estates of whatsoever kind, subject only to the right of redemption as provided by law." There is, of course, no mention of easements in the act, and it has been judicially determined that easements are not discharged by such sales. It is to be noted that all the decisions cited were rendered after the passage of the act, the Nauman and Tide Water cases in 1924, and the Tosh case as late as 1955.

A driveway should not be separately assessed. Its value as such should be taken into account by the taxing authorities in considering the assessment of land which the driveway serves. If that practice were pursued, many of the entanglements arising out of

so-called sales of "driveways" would be avoided. The tax authorities might well consider the matter.

### Conclusions of Law

1. The right to the use of the premises of defendant as a driveway for the benefit of plaintiff's property is a matter of record in this case.

2. The actual use of the premises of defendant is as a driveway for the benefit of plaintiff's property and such use is plainly visible, open and notorious upon an inspection of the premises.

3. Notice of the use of the premises of defendant as a driveway for the benefit of plaintiff's property is included in the papers filed in the action pursuant to which this premises was sold by the sheriff and purchased by defendant.

4. Defendant is charged with notice of such use.

5. The sheriff sold at tax sale only that which the delinquent taxpayer, Edward G. Murphy, had.

6. The delinquent taxpayer had no right to use the surface of the premises other than as a driveway as a means of ingress and regress, which right plaintiff likewise has.

7. The sale under the Municipal Lien Act of May 16, 1923, P. L. 207, sec. 31, 53 PS §2051, did not affect or terminate plaintiff's right to use said driveway.

8. Plaintiff is entitled to the continued use of said premises as a driveway without interference in any manner by defendant purchaser of the property.

9. Plaintiff is entitled to the relief requested.

### Decree Nisi

The prothonotary will enter a decree nisi in accordance with the foregoing adjudication and give notice thereof to the parties or their attorneys, and unless exceptions thereto are filed within 20 days, either party may present a form of final decree to be entered in the case.