## Snyder v. Oswalt

*Gordon D. Reynolds,* for plaintiffs.
*Gary C. Horner,* for defendant.

SHAULIS, *J.,* October 26, 1984—The matter before this court is an adjudication following trial of an ejectment action filed by plaintiffs. In their complaint, plaintiffs request that defendant, her heirs, successors and assigns, be forever barred from use

of a roadway traversing plaintiffs' property. Defendant has filed a counterclaim seeking damages for plaintiffs' wrongful interference with her complete and full use of said roadway. A nonjury trial was heard on these matters by this court on September 19, 1984.

## FINDINGS OF FACT

From the pleadings and the record of the trial held on this matter, we find the following:

1. Plaintiffs are owners of 2.30 acres of real property located in Conemaugh Township at R.D. 1, Box 190, Holsopple, Somerset County, Pa., as conveyed to them by deed of Gary R. Erb, et ux, dated November 18, 1980.

2. Defendant is the owner of 2.528 acres of real property located in Conemaugh Township, adjacent to and behind plaintiffs' property as aforesaid, at R.D. 1, Box 52, Holsopple, Somerset County, Pa., as conveyed to her by deed of William C. Pebley, et ux, dated April 30, 1975.

3. Plaintiffs' predecessors in title, Gary R. Erb, et ux, acquired title to the parcel of land now owned by plaintiffs by deed of William C. Pebley, Jr., et ux, dated September 18, 1974. The said William C. Pebley, Jr., et ux, therefore, are the last common owners of the above-described adjoining parcels of land belonging to plaintiffs and defendant.

4. The parcels of land belonging to plaintiffs and defendant are completely surrounded by lands now or formerly owned by William C. Pebley, Jr., et ux, and are connected to the nearest public highway, Pennsylvania Legislative Route 55097, by means of an unpaved, gravel roadway approximately 11 feet in width, which roadway passes entirely through lands belonging now or formerly to William C.

Pebley, Jr., et ux, and through the center of plaintiffs' property to the edge of defendant's property.

5. At the edge of plaintiffs' property, the above-described roadway is joined by a tractor or field road which is approximately 11 feet in width and follows plaintiffs' boundary line approximately 400 feet, passing within 25 feet of defendant's property, and beyond to fields belonging to or formerly owned by William C. Pebley, Jr., et ux, such road being grass-covered and laying entirely on lands now or formerly belonging to William C. Pebley, Jr. Because of a sharp turn in the road at the corner of plaintiffs' property, the steep grade leading to the turn from the gravel roadway, the nature of the roadbed, which is only dirt, and problems with water drainage onto the tractor road, this road is not now in any condition for continued use by automobiles or emergency vehicles such as fire trucks or ambulances.

6. The deed from William C. Pebley, Jr., et ux, to Gary R. Erb, et ux, specifically conveys to grantees a right of way from Legislative Route 55097 to the edge of the Erbs' property but does not expressly reserve a right of way through Erbs' property to the property which the Pebleys later conveyed to the defendant.

7. The deed from William C. Pebley, Jr., et ux, to defendant specifically grants defendant "the right to use in common with grantors and other parties deriving title from grantors a certain right of way extending from Legislative Route 55097 . . . to land now or formerly of Gary R. Erb, et ux."

8. The gravel roadway extending from Legislative Route 55097 through the center of plaintiffs' property to the edge of defendant's property is permanent in nature, was very apparent and obvious to plaintiffs when they purchased their property, and has been used by defendant and her predecessors in

title for access to the buildings now situated on defendant's property.

9. Sometime in 1981, plaintiffs built a fence around their property. This fence contains gates at either end of plaintiffs'. property, 11 to 15 feet in width, which allow defendant to continue using the gravel roadway for ingress and egress to her property. The fence now blocks off that portion of the roadway that defendant used as a turn-around area and parking space for her car.

10. Due to plaintiffs' actions in establishing a fence along the roadway, defendant has realized various expenses including: $150 to have an engineer inspect the location of plaintiffs' fence, $185 for the grading and construction of a circular driveway at the end of the gravel roadway to replace the turn-around area blocked by plaintiffs' fence, $250 for stone to be used as a base for the said circular driveway, and legal fees of $690. In addition, due to the construction of a circular driveway on defendant's property to replace the turn-around area blocked by plaintiffs' fence, defendant suffered damage to various fruit and chestnut trees in the amount of $720.

11. The original turn-around area and parking space used by defendant and blocked by plaintiffs' fence was approximately the width of one or two cars.

12. At the time of the conveyance to Gary Erb and his wife, plaintiffs' predecessors in title, William C. Pebley, Jr., and his wife, Marilyn Pebley, now Marilyn Ullery, had no intention of abandoning or extinguishing the right-of-way or roadway which presently crosses the center of plaintiffs' property to the edge of defendant's property.

## DISCUSSION

Plaintiffs have argued that there is nothing of record in their chain of title which specifically excepts, reserves or describes a right of way across their property to the land now owned by defendant. Thus, plaintiffs argue that when the Pebleys conveyed the property now owned by defendant, they conveyed no right for defendant to use the gravel roadway which runs from the edge of defendant's property through the center of plaintiffs' property to the easement described in both parties' deeds connecting plaintiffs' property to Legislative Route 55097. Basically, plaintiffs contend that the easement across their property was extinguished when the Pebleys failed to specifically except or reserve that portion of the roadway running through plaintiffs' property in their conveyance to Gary Erb, et ux, plaintiffs' predecessors in title.

We must agree with plaintiffs that the deeds to the parties' properties contain no express reservations, exceptions or grants of an easement across plaintiffs' property to land now owned by defendant. This does not mean, however, that we find that no easement exists across plaintiffs' property for the benefit of defendant's use and enjoyment of her property.

"It has long been held in Pennsylvania that although the language of a granting clause does not contain an express reservation of an easement in favor of the grantor, such an interest may be reserved by implication, and this is notwithstanding that the easement is not essential for the beneficial use of the property." Burns Manufacturing Company, Inc. v. Boehm, 467 Pa. 307, 313-314, 356 A.2d 763 (1976). See, e.g., Tosh v. Witts, 381 Pa. 255, 113 A. 2d 226 (1955); Philadelphia Steel Abrasive Co. v.

Gedicke Sons, 343 Pa. 524, 23 A.2d 490 (1942); Nauman v. Treen Box Co., 280 Pa. 97, 124 Atl. 349 (1924); Kieffer v. Imhoff, 26 Pa. 438 (1856). The circumstances which will give rise to an impliedly reserved easement have been specifically set forth by the Pennsylvania Supreme Court. Thus, "where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be, and this irrespective of whether or not the easement constituted a necessary right of way." Burns Manufacturing Company, Inc. v. Boehm, 467 Pa. at 314, Tosh v. Witts, 381 Pa. 255, 258, 113 A.2d 226 (1955). We find each of these elements present in the case at bar.■

First, the parties have stipulated that the roadway across plaintiffs' property was very apparent and obvious and that it was used by defendant's and plaintiffs' predecessors in title for access to the various buildings located on the center of the Pebley's farm. Thus, there can be no question but that the right-of-way in dispute is open and visible. Second, the right-of-way, having been regularly used by defendant and her predecessors in title, satisfies the requirement of continuity. As a general rule, "an ordinary right of way, such as a road, a path or an alley, has been held to be continuous." Burns Manufacturing Company, Inc. v. Boehm, 467 Pa. at 315. Finally, there is nothing in the circumstances of this case which would indicate that the roadway in question was not intended to be permanent in nature. See Philadelphia Steel Abrasive Co. v. Gedicke Sons, supra. Accordingly, we must conclude that an

easement remains in existence across plaintiffs' land even though defendant's predecessors in title failed to specifically except or reserve such an easement in their deed to Gary Erb, and his wife, plaintiffs' predecessors in title.

Furthermore, it is well settled that easements by implication, including easements by implied reservation, require no deed or writing to support them and they pass by a conveyance of the estates to which they are appurtenant. Baumbarger v. Walker, 193 Pa. Super. 301, 164 A.2d 144 (1960); Vanderwerff v. Consumers Gas Co., 166 Pa. Super 358, 71 A.2d 809 (1950); Petition of Reliable Luggage, Inc., 21 Lawrence L.J. 166 (1962). Thus, when defendant received the deed for her property, she also received a right to use the roadway across plaintiffs' property for ingress and egress to her property.

Having concluded that defendant is entitled to use the roadway across plaintiffs' property, we now must consider defendant's counterclaim for damages based on plaintiffs' wrongful interference with her complete and full use of said roadway. As a general rule, the owner of a servient estate has the right to make use of his property as he chooses, if by so doing, he does not substantially interfere with the easement. Dyba v. Borowitz, 136 Pa. Super. 532, 7 A.2d 500 (1939). As the court in Dyba noted, "unquestionably, the owner of a servient tenement may fence along the way or not, as his convenience may dictate." 136 Pa. Super. at 536. Nevertheless, while the owner of a servient estate may erect fences along the sides of a driveway, he may not erect them "across or along the driveway so as to obstruct it, nor so as to take from the dominant owner the reasonable use." Keagle v. Smith, 52 Dauphin Co. Reports 134, 139 (1941). Thus, "the owner of

the servient tenement may not erect any structure on the soil thereof or so close thereto as to interfere even to the slightest degree with its unobstructed use." Baslego v. Kruleskie, 18 Northumberland L.J. 180, 187 (1946); Ballatori v. Tavani, 53 D.&C. 240, 243 (1944).

In the case at bar, defendant has claimed that plaintiffs' fence blocks that portion of the right of way which defendant used as a turning area and parking space for her car. We find that plaintiffs' erection of the fence on this portion of the right-of-way substantially interferes with defendant's full and complete use of said right of way. Accordingly, defendant is entitled to recover damages for plaintiffs' interference with her reasonable use of that portion of the right-of-way now blocked by plaintiffs' fence.

In Hettrick v. Eby, 62 Pa. Super. 21 (1915), the Pennsylvania Superior Court found that the measure of damages for the obstructions of an alley is the cost of restoring the property injured to its former condition, unless such cost would exceed the value of the property, in which case the value is the measure of damages. Thus, the court found in Hettrick that plaintiff could recover for having the obstruction to the alley removed, but she could not recover the cost of a coal bin erected in her cellar to meet the necessity caused by the obstruction. In the case at bar, defendant seeks to recover her costs in building a circular driveway to replace that portion of the right of way now blocked by plaintiffs' fence which she formerly used as a turning area and parking space for her car. The area now blocked by plaintiffs' fence was only the width of one or two cars and had a dirt base. Clearly, under the reasoning set forth in the Hettrick case, defendant should not be entitled to recover her costs in replacing her original turning area with a stone-covered circular driveway.

Accordingly, defendant, on her counterclaim, would normally be entitled to only the cost of having plaintiffs' fence removed from that portion of the right-of-way which she once used as a turn-around. Defendant introduced no evidence as to this cost, but we find that it would be nominal.

One of defendant's witnesses testified on cross-examination that it would have cost approximately $185 to construct another turn-around area on defendant's property similar to that now blocked by plaintiffs' fence. Thus, we find that $185 is a fair and reasonable amount for defendant to recover as damages from plaintiffs on her counterclaim.

We note in passing that "recovery of counsel fees and litigation expenses in the pending action between the parties cannot be recovered as an item of compensatory damages in that action in the absence of express statutory allowance, or clear agreement between the parties, or some other established exception." Spickler v. Lombardo, 32 Somerset L.J. 16, 32 (1976). Thus, we find that defendant is not entitled to recover her legal fees from plaintiffs as part of her damages on the counterclaim.

## CONCLUSIONS OF LAW

In view of the above, the court makes the following conclusions of law

1. This court has jurisdiction over the parties and the subject matter of this suit.

2. Plaintiffs' property is subject to an implied easement 11 feet in width, passing through the center of plaintiffs' property to the edge of defendant's property, the course of such easement being now marked by a gravel roadbed.

3. The fence erected by plaintiffs on the boundaries of their property substantially interferes with defendant's full and complete use of that portion of

the easement formerly used by her as a turning area and parking space for her car.

4. By reason of plaintiffs' wrongful interference with defendant's full and complete use of the easement, defendant is entitled to compensatory damages in the amount of $185.

## DECREE

Now, this October 26, 1984, it is ordered, adjudged and decreed

1. That plaintiffs' property is subject to an implied easement 11 feet in width, passing through the center of plaintiffs' property to the edge of defendant's property the course of such easement being now marked by a gravel roadbed.

2. That plaintiffs are directed to refrain from any interference with the reasonable use by defendant, her heirs and assigns, of such easement as a means of ingress and egress to the property now owned by defendant.

3. That plaintiffs pay defendant $185 as compensatory damages for plaintiffs' wrongful interference with defendant's full and complete use of said easement.

4. That each party is to pay their own costs.

Unless exceptions are filed to this decree within ten days the prothonotary shall on praecipe enter this decree as the final order.