J-S04017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT A. MYRICK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SHIRLEY L. MACK, SANDRA ALTING AND ROBERT L. DEEDS, JR., | |
| Appellees | No. 713 MDA 2014 |

Appeal from the Judgment entered May 14, 2014,
in the Court of Common Pleas of Berks County,
Civil Division, at No(s): 08-691

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED FEBRUARY 09, 2015**

Robert A. Myrick, ("Appellant"), appeals from the judgment entered in favor of Shirley L. Mack, Sandra Alting, and Robert L. Deeds, Jr., (collectively "Landowners").  We affirm.

The trial court set forth the following factual and procedural background relative to this action:

> [Appellant] is the owner of a property having approximately 10.698 acres and located in Robeson Township, Berks County, Pennsylvania that he purchased from James J. Hartman and John A. Hartman ("[Appellant's] Tract #1"). [Appellant] is also the owner by the entireties with his wife, Amy M. Myrick, of two additional tracts of property totaling approximately 46 acres and located in Robeson Township, Berks County, Pennsylvania.  These two tracts were purchased by [Appellant] and his wife from George L. Weiler and Carol J. Weiler ("Weiler Farm").

*Retired Senior Judge assigned to Superior Court.

[Landowners] are owners as tenants in common of property having approximately 11.197 acres and located in Robeson Township, Berks County, Pennsylvania ("[Landowners'] Property #1"). [Landowners] are also owners as tenants in common of property having approximately 34.435 acres and located in Robeson Township, Berks County, Pennsylvania ("[Landowners'] Property #2").

[Landowners'] Property #1 is next to and abuts [Landowners'] Property #2. [Landowners'] Property #1 and [Landowners'] Property #2 are collectively part of Willow Springs Phase IV, a 17 lot subdivision ("Willow Subdivision"). [Landowners'] Property #1 abuts and is directly next to [Appellant's] Tract #1. [Appellant] argues in the above docketed action that he has an implied easement from his property, [Appellant's Tract] #1, which he individually owns, over [Landowners'] properties to Zion Road by reason of a common ownership of all the properties by Joseph Espenship in 1836. This Court held a nonjury trial on the issue of whether [Appellant] has an implied easement over [Landowners'] properties and issued a Verdict on January 24, 2014, finding [Appellant] does not have an easement over [Landowners'] properties. On February 20, 2014, [Appellant] filed a Notice of Appeal of this Court's decision and subsequently, filed a Concise Statement of Errors Complained of on Appeal on March 17, 2014. This appeal was premature as this Court had not ruled on [Appellant's] post-trial motions. On April 9, 2014, this Court denied [Appellant's] Motion for Post Trial Relief and [Appellant] then filed another Notice of Appeal of this Court's April, 9, 2014 Order denying post trial relief. The Superior Court issued an Order on May 8, 2014 directing [A]ppellant to enter judgment and the notice of appeal previously filed to be treated as filed in this case after the date of entry of judgment. Judgment on this Court's verdict in favor of [Landowners] and against [Appellant] was entered on May 14, 2014.

Trial Court Opinion, 7/28/14, at 1-2.

Appellant presents the following seven issues for our review:

1. The Court erred in making no findings as to the existence of the dominant and servient tenement at the time of separation of title, nor on the necessity that existed at that time, nor that the Appellant's property was landlocked and an implied easement

- 2 -

across the servient tenement property was necessary to the beneficial enjoyment of the Appellant's property.

2. The Judge's decision and verdict that there was no implied easement across [Landowners'] property was contrary to the weight and sufficiency of the evidence presented and proven at trial.

3. The Judge's decision and verdict completely ignored the opinion of the expert witness that an easement by implication existed at the time of the severance of title, was for the benefit of the dominant tenant and burdened the servient tenant, that visible lanes showed passage from the dominant tenement across the servient tenement that were there for many years and the servient tenement should provide access to the dominant tenement.

4. The Judge erred in considering that [Appellant's] 10.667 acres had legal access to the public road via jointly held property of [Appellant] and Mrs. Myrick when their jointly held property was not the servient tenement (and was never part of the chain of the Espenship property prior to 1836) and erred by not allowing later additional evidence found of the Penn family real estate patent in the 1700s which verifies that the jointly held Myrick property was never part of the Espenship property.

5. The Judge, as raised by Post Trial motion, should have had a view of the property to determine whether or not there were equitable principles that would allow the easement by implication.

6. The Judge incorrectly ruled that proof of an implied easement created by severance of title was dependent on continuous use, and actual or constructive notice, rather than the test of "reasonable necessity."

7. The Trial Judge erred in implicitly ruling that the Hartman (now [Appellant's]) property was not landlocked because [Appellant] and Mrs. Myrick could grant an easement across their land to the public road, even though their jointly held property was not the servient tenement, and the implied easement was only particular to and ran with the land (the 10.678 tract for its benefit) and burdened only the Deeds property.

Appellant's Brief at 3-5. Appellant did not separate his argument into separate sections corresponding to the seven issues he raises on appeal. Therefore, since Appellant has discussed his issues in a singular fashion, we shall likewise address them together.

We recognize:

> [A]ppellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious.

***Phillippi v. Knotter,*** 748 A.2d 757, 758 (Pa. Super. 2000) (internal citation omitted). Moreover,

> [The] findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

***PARC Holdings, Inc. v. Killian,*** 785 A.2d 106, 110 (Pa. Super. 2001) (internal citation omitted). Framing our analysis within the context of the foregoing standards, and finding no trial court error of law or abuse of discretion, we affirm the trial court's judgment in favor of Landowners.

In a case where we found that an easement by implication at severance of title did exist over an appellant-landowner's property, we explained the following relevant principles:

> In *Burns Manufacturing v. Boehm*, 467 Pa. 307, 313-14, 356 A.2d 763, 767 (1976), our Supreme Court stated:
>
>> It has long been held in this Commonwealth that although the language of a granting clause does not contain an express reservation of an easement in favor of the grantor, such an interest may be reserved by implication, and this is so notwithstanding that the easement is not essential for the beneficial use of the property. *See, e.g., Tosh v. Witts*, 381 Pa. 255, 258, 113 A.2d 226 (1955); *Philadelphia Steel Abrasive Co. v. Gedicke Sons*, 343 Pa. 524, 528, 23 A.2d 490 (1942); *Nauman v. Treen Box Co.*, 280 Pa. 97, 100, 124 A. 349 (1924); *Liquid Carbonic Co. v. Wallace*, 219 Pa. 457, 459, 68 A. 1021 (1908); *Kieffer v. Imhoff*, 26 Pa. 438, 443 (1856). See also Restatement of Property § 476 (1944); Powell on Real Property § 411 (1975). The circumstances which will give rise to an impliedly reserved easement have been concisely put by Chief Justice Horace Stern speaking for the Court in *Tosh v. Witts*, *supra*:
>>
>>> "[W]here an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden [or] the benefit as the case may be, and this is irrespective of whether or not the easement constituted a necessary right of way." *Tosh v. Witts*, *supra*, 381 Pa. at 258, 113 A.2d at 228.
>
> *Burns*, at 313, 356 A.2d at 767 (footnote omitted). In a footnote, our Supreme Court in *Burns* noted that easements by implied reservation…are based upon the theory that "continuous use of a permanent right-of-way gives rise to the implication that the parties intended that such use would continue, notwithstanding the absence of necessity for the use." *Id.* [at 313 n.4, 356 A.2d at 767 n. 4].
>
> In *Mann-Hoff v. Boyer*, 413 Pa.Super. 1, 604 A.2d 703 (1992), this Court stated:

Although the [Supreme Court's discussion in *Burns*] conveys a brief summary of the concept of easement by implication, other Pennsylvania cases not cited by the trial court provide a much more detailed description of this concept. We find the following statement of the proper method of analyzing a claim of easement by implication particularly elucidating:

> In deciding whether an easement has been created by implication, the Pennsylvania courts have used two different tests, the traditional test and the Restatement test.
>
> The traditional test has been described as follows: "Three things are regarded as essential to create an easement by implication on the severance of the unity of ownership in an estate; first, a separation of title; second, that, before the separation takes place, the use which gives rise to the easement, shall have been so long continued, and so obvious or manifest, as to show that it was meant to be permanent; and third, that the easement shall be necessary to the beneficial enjoyment of the land granted or retained. To these three, another essential element is sometimes added,- that the servitude shall be continuous and self-acting, as distinguished from discontinuous and used only from time to time."

[*Becker v. Rittenhouse*], [297 Pa. 317] at 345, 147 A. [51] at 53. *See also DePietro v. Triano*, 167 Pa.Super. 29, 31-32, 74 A.2d 710-11 (1950).

The view expressed in the RESTATEMENT OF PROPERTY § 474 [sic] and expressly adopted in Pennsylvania in *Thomas v. Deliere*, 241 Pa.Super. 1, 359 A.2d 398 (1976), "emphasizes a balancing approach, designed to ascertain the actual or implied intention of the parties. No single factor under the Restatement approach is dispositive. Thus, the Restatement approach and the more restrictive tests ... co-exist in Pennsylvania." *Id.* at 5 n. 2, 359 A.2d at 400 n. 2. *See also Lerner v. Poulos*, 412 Pa. 388, 194 A.2d 874 (1963); *Schwoyer v. Smith*, 388 Pa. 637, 131 A.2d 385 (1957); *Spaeder v. Tabak*, 170 Pa.Super. 392, 85 A.2d 654 (1952).

*Mann-Hoff*, 604 A.2d at 706-07. *See also Possessky v. Diem*, 440 Pa.Super. 387, 655 A.2d 1004 (1995).  In a footnote, the *Mann-Hoff* court further noted that the discussion in *Burns* did not require that the proponent of an easement by implication show that the claimed easement was "necessary".  *Id.* at 708 n. 4.

\*\*\*

Our Supreme Court's most recent discussion of easements by implication at severance of title appears in *Bucciarelli v. DeLisa,* 547 Pa. 431, 691 A.2d 446 (1997).  []

\*\*\*

Our Supreme Court granted allowance of appeal to determine whether an easement by implication was created at the time of severance of title and whether DeLisa had actual notice of the existence of the right of way over the property when he purchased it.  Answering the second issue first, the high court, while agreeing that the trial court did not specifically find facts to support its conclusion that an easement by implication at severance of title was created, nevertheless held that the trial court had made sufficient factual findings to support its conclusion that DeLisa had actual notice of the existence and use of Cottage Road prior to his purchase of the twenty-acre tract from Raymond.

Our Supreme Court found this prior use important to the determination of whether an implied easement was created because:

> The effect of the prior use as a circumstance in implying, upon a severance of possession by conveyance, an easement results from an inference as to the intention of the parties. To draw such an inference the prior use must have been known to the parties at the time of the conveyance, or, at least, have been within the possibility of their knowledge at that time. Each party to a conveyance is bound not merely to what he intended, but also to what he might reasonably have foreseen the other party to the conveyance expected. Parties to a conveyance may, therefore, be assumed to intend the continuance of uses known to them which are in considerable degree necessary to the continued usefulness of the land. Also

they will be assumed to know and to contemplate the continuance of reasonably necessary uses which have so altered the premises as to make them apparent upon reasonably prudent investigation....

*Bucciarelli*, at 436, 691 A.2d at 448 (quoting Restatement of Property, § 476, Comment j). In a footnote, the high court noted that while it "has never specifically adopted Restatement of Property § 476 and we decline to do so now, for § 476 is merely a list of frequently encountered considerations as to whether an easement by implication at severance of title was created. Courts may, nevertheless, find the section useful and persuasive in analyzing cases like this." *Id.* at 437 n. 1, 691 A.2d at 448 n. 1.

Our Supreme Court then quoted the language of *Burns*, *supra*, and determined that all of the requirements of an easement by implication at severance of title were present in *Bucciarelli*. With regard to the parties' intent, the high court found that Mrs. Keene and Raymond clearly intended the easement to continue. In support of this conclusion, the *Bucciarelli* court noted that not only did Raymond assist his mother in creating the subdivision plan, but he also allowed the owners of the lakeside lots to use Cottage Road during the time period in which he owned the twenty-acre tract. The *Bucciarelli* court then considered whether the use of Cottage Road was open, visible, permanent and continuous. Relying primarily upon photographic evidence of record, as well as the testimony of DeLisa's neighbor who testified that he could see the road from his nearby property, the high court concluded that use of the easement was open, visible and permanent.

With regard to the requirement that the use be continuous, the court first noted the testimony of various witnesses that indicated that Cottage Road had been used as early as 1976, as well as DeLisa's own testimony that he had seen cars use the road over the last ten years to get to the lakeside cottages. The high court referenced a treatise for the proposition that:

The requirement that the quasi-easement must have been "permanent" or "continuous" simply means that the use involved shall not have been occasional, accidental or temporary. This means the use shall have been of such a character as to enable the claimant to rely reasonably upon the continuance of such use.... It is submitted that ...

- 8 -

any well-defined route should be held to satisfy the "permanent" or "continuous" prerequisite for implication.

*Bucciarelli*, at 439, 691 A.2d at 449-450 (citing 4 Powell on Real Property § 34.08[2][c] (1996)). The *Bucciarelli* court stated its agreement with this analysis of the continuous requirement and held that the road at issue in the case before it, a single lane dirt road that was approximately twenty feet wide and had been in existence for at least twenty years, was well-defined and permanent, and that the evidence, therefore, was sufficient to support a finding of continuousness.

Summarizing its conclusions, the *Bucciarelli* court concluded that:

The requirements stated above have as their purpose the creation of a test to determine whether an easement was intended at severance and whether the person against whom the easement is asserted had notice, actual or constructive, that such an easement existed. In this case, the trial court found that DeLisa had actual notice and the record supports this finding. Additionally, the evidence supports a finding that the grantor, Mrs. Keene, intended to create an easement at severance of the title and that the grantee, her son, was aware of this intent and, after the conveyance, acted in accord with the existence of the easement.

Thus, since the evidence supports a finding of intention to create the easement and a finding that DeLisa purchased the land knowing of the existence of the easement, an easement by implication at severance was created and is binding against DeLisa.

*Bucciarelli*, at 439-40, 691 A.2d at 450. Thus, our Supreme Court reversed this Court's disposition and reinstated the order of the trial court that permanently enjoined DeLisa from interfering with the use of Cottage Road by the owners of the lakeside properties.

**Daddona v. Thorpe, et al.,** 749 A.2d 475, 480-484 (Pa. Super. 2000).

Here, in granting judgment in favor of Landowners and against

Appellant, the trial court explained:

> This Court held a trial and has concluded that the circumstances for the finding of an implied easement in favor of [Appellant] do not exist beyond the common ownership of the properties in 1836. Joseph Espenship owned a 120 acre farm in 1836 that included the current [Appellant's] Tract #1 and [Landowners'] Properties #1 and #2. Joseph Espenship subdivided and sold the property on or about April 1, 1836 to several different owners. The properties that were sold underwent several sales and were in different ways recombined over the course of years to the present day. At present, there are no improvements in place on [Appellant's] Property #1 and [Landowners'] Properties #1 and #2. The properties are all wooded lots. Proving the intent of the original owner is nearly impossible and no credible evidence was presented at trial proving any intent.
>
> [Appellant] contends there was a visible path that traversed [Landowners'] property, the servient tenement, that provided access to [Appellant's Tract] #1, both at severance of title and currently. Whether there was any defined driveway, road or other access between the properties prior to the time of the severance in 1836 is unknown. There is no reference in the deeds for [Landowners'] Properties #1 and #2. [Landowners] credibly stated they had no knowledge of any defined driveway, road or otherwise for access from [Appellant's Tract] #1 over and through [Landowners' Properties] #1 and #2. This Court finds credible [Landowners'] argument that [Appellant] has other means of accessing his property by use of other connecting properties in which he has an ownership interest. It was established that throughout the course of this litigation, [Appellant] has requested an easement at several locations. This lends credibility to the argument that no fixed, visible, open, and continuously used easement exists.
>
> Additionally, [Appellant's] expert testified that there is no express easement in favor of [Appellant's Tract] #1 in the chain of title for the collective properties. [Appellant] himself admitted at trial that he has not used [Landowners'] properties for access to [Appellant's Tract] #1. This Court finds credible the testimony that [Appellant] has two possible points of access to

- 10 -

[Appellant's Tract] #1 through the use of properties he jointly owns with his wife. [Appellant] argues that the other access points are not viable because of the length of the driveways that would be needed and the cost to construct them. Put simply, [Appellant] attempts to use the difference in ownership of his properties to advance the argument that [Appellant's Tract] #1 is landlocked and any access they would have through their Weiler Farm property would cease to exist if [Appellant] and his wife decided to sell the Weiler Farm property. This Court does not find this argument convincing because [Appellant's] expert testified at trial that any access over the Weiler Farm property could be expressly reserved as an easement if the Weiler Farm property was ever sold.

[Appellant] has not used [Landowners'] property at anytime to gain access to Zion Road since [Appellant's] ownership began in 2006. Furthermore, no one has used any means of access through [Landowners'] property since 1990, when [Landowners'] took ownership of their property. No credible evidence was presented at trial proving that [Landowners] had any kind of actual or constructive notice of an easement over their properties to [Appellant's Tract] #1.

As counsel for [Landowners] cites, "[w]here an alleged easement is not the subject of a deed, grant or conveyance, duly recorded, and is not open, apparent, or visible, it cannot be enforced against subsequent innocent purchasers of the servient tract unless it is proven and established that the purchasers had actual notice that the property was subject to the servitude." *Fidelity-Philadelphia Trust Co.*, 67 Pa. D.&C. at 360.

This Court is persuaded by [Landowners'] assertion that they were innocent purchasers of property against which [Appellant] wants to fix an easement even though there is a lack of credible evidence that anything physically exists in that regard. The tendency of the courts is to discourage implied grants of easements, since the obvious result, especially in urban communities, is to fetter estates and retard building and improvements, and is in violation of the policy of the recording acts. *Becker v. Rittenhouse,* 297 Pa. 317, 325-326, 147 A. 51, 21 (1929). [Landowners] did not close an existing driveway or long existing road used for access to [Appellant's Tract] #1. []

Trial Court Opinion, 7/28/14, at 4-6.

Based on our review of the record, and consonant with **Daddona** and the relevant authorities cited therein, we affirm the trial court's judgment in favor of Landowners and against Appellant because Appellant is not entitled to an easement. We recognize that, as noted in **Daddona**, it would not be dispositive of this appeal whether the easement is "essential to the beneficial use of the property," or even a "necessary right-of-way." **Daddona,** 749 A.2d at 480 **citing Burns,** 356 A.2d at 767. By contrast, significant to our disposition are the credibility determinations and factual findings of the trial court, which are not contradicted by our review of the record, regarding the use of the purported easement. In **Daddona,** we reiterated that "the use which gives rise to the easement, shall have been so long[,] continued, and so obvious or manifest, as to show that it was meant to be permanent … [and that] another essential element is sometimes added, that the servitude shall be continuous and self-acting, as distinguished from discontinuous and used only from time to time." **Daddona, supra,** at 481 **citing inter alia Becker,** 147 A. at 53. Further, the **Daddona** Court, **citing Bucciarelli,** explained that the requirement of "'permanent' or 'continous' [use] simply means that the use involved shall not have been occasional, accidental, or temporary." **Daddona,** 749 A.2d at 484 **citing Bucciarelli** 691 A.2d at 449-450.

Here, we do not find that Appellant's request for an easement meets the use element. Appellant "has not used [Landowners'] property at anytime to gain access to Zion Road since [Appellant's] ownership began in

- 12 -

2006. Furthermore, no one has used any means of access through [Landowners'] property since 1990, when [Landowners] took ownership of their property." Trial Court Opinion, 7/28/14, at 5-6. Further, the trial court did not find "***credible*** evidence … proving that [Landowners] had any kind of actual or constructive notice of an easement over their properties to [Appellant's Tract] #1." ***Id***. at 6 (emphasis added).

In addition, Appellant's request for an easement does not meet the intent element to establish his entitlement to the easement. In contrast to ***Bucciarelli***, where the party contesting the easement had specifically allowed the land to be used by the property owners seeking the easement, Landowners have never expressly agreed to allow Appellant such use of their land, despite discussions regarding Appellant's requests for an easement. ***See Bucciarelli,*** 691 A.2d at 438. Therefore, consonant with the foregoing authorities, we affirm the trial court's judgment in Landowners' favor and against Appellant.

We further find Appellant's remaining claims of trial court error are without merit. Appellant's sufficiency challenge is waived because he failed to seek a directed verdict at trial. ***See*** N.T., 12/16/13, at 41; 54; ***see also Haan v. Wells,*** 103 A.3d 60, 68 (Pa. Super. 2014) (internal citation omitted) ("Hence, it is clear that, in order to preserve a challenge to the sufficiency of the evidence, [appellants] first were required in this non-jury trial to move … for a … directed verdict. [Appellants] did not do so.

- 13 -

Consequently, any of [appellants'] challenges purporting to challenge the sufficiency of the evidence … are waived.").

As to Appellant's weight challenge, we deny the same, and recognize:

Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Haan, supra,* at 70. Our denial of Appellant's weight claim acknowledges the trial court's role as the fact-finder in this non-jury trial, and the deference to which the trial court is entitled. ***Brown v. Progressive Insurance Co.***, 860 A.2d 493, 497 (Pa. Super. 2004) (internal citation omitted) ("Concerning questions of credibility and weight accorded evidence at trial, we will not substitute our judgment for that of the finder of fact.").

Moreover, the trial court's determination not to view the property is akin to the admission of evidence, which the trial court had the discretion to decline to perform, and which we find no basis to disturb. ***See American Future Systems, Inc. v. BBB,*** 872 A.2d 1202, 1212 (Pa. Super. 2005).

Our review of the record further refutes Appellant's contention that the trial court "completely ignored the opinion of the expert witness." Appellant's Brief at 4. Appellant's claim that the trial court ignored expert

- 14 -

testimony is belied by the trial court's reference in its opinion to Appellant's expert's testimony. *See* Trial Court Opinion, 7/28/14, at 5 ("[Appellant's] expert testified that there is no express easement in favor of [Appellant's Tract] #1 in the chain of title for the collective properties."). Further, Appellant discounts that the trial court, as the fact finder in this non-jury case, "is entitled to reject any and all evidence..." *Neison v. Heimes,* 653 A.2d 634, 636-37 (Pa. 1995) (internal citations omitted); *see Randt v. Abex Corp.,* 671 A.2d 228, 234 (Pa. Super. 1996) (internal citations omitted) ("A [fact- finder] is entitled to believe all, part, or none of the evidence presented. A [fact-finder] can believe any part of a witness' testimony that they choose, and may disregard any portion of the testimony that they disbelieve. Credibility determinations are for the [fact-finder]. A new trial should not be granted on a mere conflict in the testimony.").

Finally, we reject Appellant's argument that the trial court erred "by not allowing later additional evidence found of the Penn family real estate patent in the 1700s which verifies that the jointly held [Appellant] property was never part of the Espenship property." Appellant's Brief at 4. Appellant's assignment of trial court error is without merit as "[a]dmission of evidence is within the sound discretion of the trial court and we review the trial court's determinations regarding the admissibility of evidence for an abuse of discretion," which the record does not reflect in this case. *American Future Systems,* 872 A.2d at 1212 (Pa. Super. 2005).

In sum, we do not find any error of law or abuse of discretion in the trial court's determination that Appellant is not entitled to an implied easement at severance of title over Landowners' properties. We thus affirm the trial court's judgment against Appellant and in favor of Landowners.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015