J-A03037-19

2019 PA Super 82

ROBERT CUNNINGHAM, GINA : IN THE SUPERIOR COURT OF
GODFREY, AND MOSHE MARVIT : PENNSYLVANIA
:
v. :
:
BETH CRONIN :
:
APPEAL OF: MOSHE MARVIT : No.  1078 WDA 2018

Appeal from the Judgment Entered June 28, 2018
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. 16-13900

ROBERT CUNNINGHAM, GINA : IN THE SUPERIOR COURT OF
GODFREY, AND MOSHIE MARVIT : PENNSYLVANIA
:
v. :
:
BETH CRONIN :
:
APPEAL OF: GINA GODFREY : No.  1079 WDA 2018

Appeal from the Judgment Entered June 28, 2018
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. 16-13900

BEFORE:  BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:                    **FILED MARCH 20, 2019**

Moshe Marvit and Gina Godfrey (collectively, Appellants) appeal from

the judgment entered on June 28, 2018, against them and in favor of Beth

Cronin.  Upon review, we reverse.

---

* Retired Senior Judge assigned to the Superior Court.

We provide the following background. In the 1930s, John C. Coyne and Mary Coyne developed an area in the Greenfield section of Pittsburgh between Lydia and Winterburn Streets. The area is called the Coyne Plan and consisted of 2½ acres subdivided into 28 lots. Running through these lots was a street, Coyne Terrace, a 40-foot wide private road. In addition, the Coyne Plan included a 10-foot wide alleyway and greenway with concrete steps off Winterburn Street (the Lot).

On August 11, 1948, Coyne Terrace was opened as a public street, and the Lot remained private. On October 26, 1999, Godfrey purchased a home in the Coyne Plan. On February 18, 2013, Marvit purchased a home in the Coyne Plan.

In March of 2009, Allegheny County assigned a lot and block number to the Lot (Lot & Block No. 54-R-92), and registered this now-taxable Lot to the Coynes. The Lot was assigned an assessed value of $1,600. Because taxes were not paid on the Lot, on October 25, 2013, the City of Pittsburgh sold the Lot to Cronin at a Treasurer's Sale for $742. Cronin also owned a home in the Coyne Plan. According to Appellants, beginning in July 2015, Cronin has blocked Appellants' access to the Lot.

On July 28, 2016, Appellants[1] filed a petition in the Court of Common Pleas of Allegheny County asserting rights to the Lot via an easement by

---

[1] Robert Cunningham joined Appellants in filing this petition; however, he is not participating in this appeal.

implication. The matter was submitted on briefs at a non-jury trial, with all parties filing proposed facts and conclusions of law.

Appellants contended that "the conveyance of real estate that references a map or plan containing streets, ways, parks, open spaces, and the like, creates an easement to all properties within the plan to use the street and other spaces." Appellants' Facts and Conclusions of Law, 5/21/2018, at 4-5 (citing Restatement 3d of Property: Servitudes § 2.13). Thus, they claimed that because the Lot was referenced in the Coyne Plan, and they owned homes in the Coyne Plan, they were entitled to use of the Lot. Cronin contested this position, claiming that Appellants had not produced "any purchaser deeds, and therefore, it cannot be said whether the Coynes ever dedicated an easement to anyone." Cronin's Response, 6/20/2018, at 3 (numbering supplied). In addition, Cronin claimed that even if there were an easement, "it has not been established that there was ever an acceptance of the dedication [of that easement] within twenty-one years." *Id*. Appellants responded that they had indeed attached the deeds to their briefs.[2] Response, 6/27/2018, at 1.

---

[2] A review of the certified record reveals that Appellants attached to their Facts and Conclusions of Law a map of the Coyne Plan from the Allegheny County Department of Real Estate, which shows the Lot. Appellants' Facts and Conclusions of Law, 5/21/2018, at Exhibit 1. Also included is a deed to Godfrey, which shows that she purchased lot 28 in the Coyne Plan and a deed to Marvit, which shows that he purchased lot 23 in the Coyne Plan. *Id*. at Exhibits 3 and 4.

On June 28, 2018, the trial court entered judgment in favor of Cronin and against Appellants. The trial court denied Appellants' timely-filed post-trial motions; Appellants timely filed a notice of appeal; and both Appellants and the trial court complied with Pa.R.A.P. 1925.[3]

Our standard of review in a non-jury trial is well established:

> We must determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law. Additionally, findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed absent error of law or abuse of discretion.

***Yablonski v. Keevican Weiss Bauerle & Hirsch LLC***, 197 A.3d 1234, 1238 (Pa. Super. 2018) (quoting ***Davis ex rel. Davis v. Gov't Employees Ins. Co.***, 775 A.2d 871, 873 (Pa. Super. 2001) (citations omitted)).

According to the trial court, because the deeds did not contain "a reservation or reference to dedication or easement in [the Lot]" by the Coynes, Appellants did not have an easement in the Lot. Trial Court Opinion, 9/25/2018, at 5. Moreover, the trial court concluded that even if there were an easement, once the Coynes failed to pay their taxes and the lot was sold, any prior easement was extinguished. ***Id***.

---

[3] In addition to briefs on appeal by Appellants and Cronin, the City of Pittsburgh has filed an *amicus curiae* brief supporting Appellants' position.

Here, Appellants claimed that they were entitled to an implied easement, a legal theory that contemplates the fact that there is no express dedication. They claim instead that "[w]hen … lots are sold according to a subdivision plan on which a street has been plotted by the grantor, the purchasers acquire property rights in the use of the street." Appellants' Brief at 9 (quoting **Kao v. Haldeman**, 728 A.2d 345, 347 (Pa. 1999)). According to Appellants, their purchasing of lots in the Coyne Plan included an easement for the Lot.

In considering whether Appellants established an implied easement in the Lot, we are guided by this Court's decision in **Potis v. Coon**, 496 A.2d 1188 (Pa. Super. 1985). In **Potis**, the appellants claimed their rights to an implied easement based upon references to maps; appellees asserted that the appellants did not satisfy the requirements of an easement by implication[4] and therefore the appellants were not entitled to an easement. This Court offered the following.

> We find that neither position is entirely correct. An easement by reference to a map or plat[] is not an express easement but, rather, an easement by implication. However, the criteria enumerated [*supra*] do not apply to an easement by reference to a map or plat[], which is a particular type of implied easement controlled by its own principles. Instead, we look to the following

---

[4] Typically, an easement by implication is established "where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part[y]." **Tosh v. Witts**, 113 A.2d 226, 228 (Pa. 1955). If an owner "then aliens either, the purchaser takes subject to the burden or the benefit as the case may be, and this irrespective of whether or not the easement constituted a necessary right of way." **Id**.

well established principles concerning an easement by reference to a map or plat[]:

> It is well settled that the grantee of a lot, which is sold according to a plan of lots on which streets or alleys not previously opened or projected as a public street are plotted out by the grantor, acquires an easement over those streets and alleys as a private right of property arising out of the grant, of which he cannot be deprived without compensation[.]

*Cox's Inc. v. Snodgrass*, [] 92 A.2d 540, 541 ([Pa.] 1952). References to a plan contained in deeds make the plan a part of the deed or conveyance and constitute a dedication of the streets, alleys and ways shown on the plan, to the use of the purchasers as public ways[.] ... Where a street called for a boundary in a deed is not a highway nor dedicated to public use, the grantee does not take title in fee to the center of it, but by implication acquires an easement, or right of way, over the lands. There is in such a case, an implied covenant that there is a way corresponding with the one described in the deed, that so far as the grantor is concerned it shall be continued and that the grantee, his heirs and assigns, shall have the benefit of it.

*Potis*, 496 A.2d at 1191-93 (some citations and quotation marks omitted).

Thus, in *Potis*, this Court turned to an examination of the deeds and plan to determine whether the appellants "acquired an easement over the unopened road by reference to such maps." *Id*. at 1193. We will do the same.

In this case, a review of the deeds reveals reference to the Coyne Plan, and indicates that Appellants' lots were sold in accordance with that plan. Thus, we conclude that Appellants indeed have an easement in the Lot. However, we must still determine whether the tax sale extinguished the easement, as suggested by the trial court. *See* Trial Court Opinion,

9/25/2018, at 5 ("If there had ever been an easement for the Coyne [Plan] residents over [] Cronin's property, it was extinguished by the [tax] sale.").

The law in this Commonwealth is longstanding.

> [I]f land is sold for taxes, an easement, servitude, or interest in the nature of an easement is not destroyed, but the purchaser takes subject thereto. It is the estate and interest *** [of] the real owner or owners of the land sold which passes by the sale, and not some other estate or interest which the real owner or owners did not have. The default of the real owner or owners was the failure to pay taxes on the land, which they owned and which was subject to the right of way; the title which the purchaser acquired was the title of that real owner or owners[.]

*Tide-Water Pipe Co. v. Bell*, 124 A. 351, 355 (Pa. 1924) (internal quotation marks omitted).

Here, Cronin purchased the land at the tax sale and received the same title as the Coynes. As discussed *supra*, the Coynes' title included an easement over the Lot for the homes sold in accordance with the Coyne Plan. Thus, the trial court erred in concluding that the tax sale extinguished this easement.

Judgement reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2019

- 7 -