J-A12007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CRAIG AND KRYSTAL PAVLOSKY, HUSBAND AND WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARLA J. REAGAN AND DAWN R. LARCH | : | |
| | : | No. 1710 WDA 2019 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered December 11, 2019
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  1265 of 2018

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JUNE 30, 2020**

Appellants, Darla J. Reagan and Dawn R. Larch, appeal from the judgment entered in favor of Appellees, Craig and Krystal Pavlosky, in an ejectment action brought by Appellees.  For the reasons set forth below, we reverse.

Appellants and Appellees own adjoining properties in Unity Township, Westmoreland County, Pennsylvania.  N.T. Trial at 7-10; Plaintiffs' Exhibit 2, Reagan Subdivision.[1]  Prior to June 2001, the properties from which both Appellants' and Appellees' current properties were subdivided were jointly

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This subdivision plan is appended to this Memorandum as an Appendix.

owned by Appellants, who are sisters. Plaintiffs' Exhibit 6, January 24, 2000 Deed from Joseph R. Mehalic to Appellants; Plaintiffs' Exhibit 7, December 30, 1999 Deed from Joseph R. Mehalic to Appellants; N.T. Trial at 28-31, 36-38.

In May 2001, Appellants subdivided their properties into two parcels, designated as Lot 1 and the Residue. Plaintiffs' Exhibit 2, Reagan Subdivision; N.T. Trial at 28-29, 37-38. The subdivision plan creating these two parcels, denominated the "Reagan Subdivision," was recorded on May 11, 2001 at Instrument No. 200105110023206. Plaintiffs' Exhibit 2, Reagan Subdivision. Lot 1 is a flag lot with a strip of land extending along the property line of the Residue to a public road. *Id.* The recorded Reagan Subdivision plan shows a dwelling on the Residue with a driveway that that comes in from the public road on part of the strip of Lot 1 and labels the entire strip of Lot 1 that extends to the public road "50' RIGHT OF WAY." *Id.* The recorded Reagan Subdivision plan also shows a shed at the north corner of the Residue, part of which extends into the strip of Lot 1. *Id.*

On June 7, 2001, Appellants conveyed Lot 1 to Appellant Reagan and her husband by a deed describing the property as "Lot No. 1 of the Reagan Subdivision recorded at Instrument No. 200105110023206 on the 11th day of May 2001." Plaintiffs' Exhibit 8, June 7, 2001 Deed from Appellants to William and Darla Reagan; N.T. Trial at 40-41. This deed did not set forth any easement in favor of the Appellants or the Residue. Plaintiffs' Exhibit 8, June

7, 2001 Deed from Appellants to William and Darla Reagan. Appellant Reagan and her husband subsequently built a house on Lot 1. N.T. Trial at 38.

In 2017, Appellees purchased Lot 1 from the Federal Home Loan Mortgage Corporation, which acquired Lot 1 in a foreclosure sheriff's sale in 2015. N.T. Trial at 7-11; Plaintiffs' Exhibit 1, March 13, 2017 Deed from Federal Home Loan Mortgage Corporation to Appellees. Appellees' deed described the property that they purchased as "Lot No. 1 of the Reagan Subdivision recorded at Instrument No. 200105110023206 on the 11th day of May, 2001." Plaintiffs' Exhibit 1, March 13, 2017 Deed from Federal Home Loan Mortgage Corporation to Appellees. Appellees' deed does not set forth any easement in favor of Appellants. *Id.*

On March 23, 2018, Appellees brought the instant action against Appellants asserting claims for trespass, ejectment, and injunctive relief. In their Complaint, Appellees sought an order prohibiting Appellants from driving on and otherwise using the Lot 1 strip of land and requiring Appellants to remove the shed from the Lot 1 strip. Appellants, who were represented by counsel at that time, filed an Answer and New Matter denying that the shed encroached on Appellees' property and alleging that Appellants had an easement to use the driveway on the Lot 1 strip pursuant to the right of way shown on the Reagan Subdivision. Answer and New Matter ¶¶6, 8-9, 33-34.

On March 26, 2019, the trial court held a nonjury trial at which Appellee Craig Pavlosky (Appellee husband) and Appellant Reagan testified and various

documents, including the Reagan Subdivision and the parties' deeds, were admitted in evidence. Appellee Krystal Pavlosky and Appellant Larch did not appear at trial. Counsel for Appellants was permitted by the trial court to withdraw prior to trial and Appellant Reagan appeared pro se.

Appellee husband testified that he had not signed any easement or agreement allowing Appellants to use any portion of Lot 1 and had not given Appellants permission to use any portion of Lot 1. N.T. Trial at 25-26. Appellee husband further testified that Appellants were using the driveway on the strip of his Lot 1 property that runs from the public road to the rest of Lot 1 to access their Residue property and that they were parking vehicles on the Lot 1 strip. *Id.* at 16, 19-25. He also testified that Appellants were using his driveway on the Lot 1 strip to access the shed, which encroaches on and opens onto the Lot 1 strip. *Id.* at 15-20, 22-23. Appellee husband testified that Appellants have continued to use the Lot 1 strip and failed to remove the encroaching shed, despite requests that they stop doing so and that they remove the shed. *Id.* at 15-16, 25.

Appellant Reagan testified that the two properties were originally owned by her parents and that the driveway on the Lot 1 strip was always used to access the house on the Residue and the shed during her parents' ownership and Appellants' ownership of the properties. N.T. Trial at 36-37, 49. Appellant contended that there was an easement on the 50-foot right of way on the strip of Lot 1 up to the shed, but admitted that her 2001 Lot 1 deed contained no

easement. *Id.* at 30, 32, 40-43, 49. She also contended that the strip was supposed to be part of the Residue lot with the easement in favor of Lot 1, but admitted that the Reagan Subdivision made the strip part of Lot 1 and that the Reagan Subdivision was never corrected. *Id.* at 6, 29-30, 32-33, 38, 41, 44.

At the end of the testimony, the trial court expressed concern about Appellants' access from the public road to the house on the Residue and asked the parties to try to reach an agreement concerning use of the driveway on the Lot 1 strip for that purpose. N.T. Trial at 48-54. The parties, after conferring, agreed on the record that Appellants are permitted to access the Residue via Appellees' driveway on the portion of the Lot 1 strip from the public road up to a point approximately 60 feet from the public road for ingress and egress only. *Id.* at 55-56. The Court deferred ruling on the remaining issues for 60 days to give the parties an opportunity to resolve those issues. *Id.* at 56. On March 27, 2019, the trial court entered an order deferring ruling on issues other than Appellants' access from the public road and providing Appellants the right to use that portion of the Lot 1 strip in accordance with the parties' agreement. Trial Court Order, 3/27/19. The trial court did not direct the parties to file any proposed findings of fact, conclusions of law, or post-trial briefs.

The parties did not reach any further agreements. On June 17, 2019, the trial court entered an order that provided in relevant part as follows:

1. Paragraph 1 of the March 27, 2019 Order of Court outlining the agreement of the parties is reiterated here for the convenience of the parties:

a. As to [Appellants'] access to [Appellees'] property, [Appellants] are permitted to access their property from Marguerite Road up [Appellees'] driveway to [Appellants'] existing driveway, which is immediately before the existing telephone pole and approximately sixty (60) feet from Marguerite Road. This access is for ingress and egress to [Appellants'] property only, and no vehicles may be parked in the agreed upon area.

          \*          \*          \*

3. Other than for the access outlined in paragraph 1(a), [Appellants] shall cease and desist entering, driving across, parking on, or otherwise trespassing on [Appellees'] property.

4. [Appellants] shall remove the shed that is found by this Court to encroach on [Lot 1] or relocate the shed so that it no longer encroaches upon [Appellees'] property.

Trial Court Order, 6/17/19. Appellants, represented by counsel, timely filed a motion for post-trial relief seeking a ruling that Appellants have an express easement or easement by implication on the Lot 1 strip for the shed and to access it or, alternatively, a new trial, and also filed motions for reconsideration and to reopen the record. On July 18, 2019, the trial court entered an order denying Appellants' motion to reopen the record. On October 21, 2019, the trial court denied Appellants' motion for post-trial relief and motion for reconsideration. This timely appeal followed.[2]

_____

[2] Appellants filed their appeal on November 19, 2019. No judgment had been entered at that time and this Court therefore issued a rule to show cause directing Appellants to praecipe the trial court to enter judgment and file with this Court within 10 days a certified docket entry showing that judgment had

Appellants present the following issues for our review:

Issue I: Whether the trial court erred in failing to consider or find that the Appellants were entitled to easements by implication?

Issue II: Whether the trial court erred in failing to find or consider that the Appellants had an express easement for use of the 50' area of the Pavlosky property?

Issue III: Whether the trial court erred in failing to consider the substantial impact on Appellants in their removal of the shed in relation to the minor harm to the Appellees/Pavlosky's if their request for relief was not fully granted?

Appellants' Brief at 2-3 (unnecessary capitalization and suggested answers omitted).

Our review of a trial court's decision following a nonjury trial is limited to determining whether the trial court's findings of facts are supported by competent evidence and whether the trial court erred in applying the law. *Landis v. Wilt*, 222 A.3d 28, 34 (Pa. Super. 2019); *Ramalingam v. Keller Williams Realty Group, Inc.*, 121 A.3d 1034, 1041 (Pa. Super. 2015). Our review regarding questions of law, however, is plenary and *de novo*. *Ramalingam*, 121 A.3d at 1048.

---

been entered. Appellants on December 11, 2019 filed a certified docket entry showing that the trial court entered judgment in this case on December 11, 2019. This appeal is therefore timely and properly before us. Pa.R.A.P. 905 (a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"); *Century Indemnity Co. v. OneBeacon Insurance Co.*, 173 A.3d 784, 788 n.1 (Pa. Super. 2017).

An easement may be created by express agreement, by implication, by necessity, or by prescription. **_Morning Call, Inc. v. Bell Atlantic-Pennsylvania, Inc._**, 761 A.2d 139, 142 (Pa. Super. 2000); **_Phillippi v. Knotter_**, 748 A.2d 757, 758 (Pa. Super. 2000). We first address Appellant's second issue, whether the trial erred in failing to find an express easement, and then address Appellant's first issue, whether the trial erred in failing to find an easement by implication. Because the trial court ordered, pursuant to the parties' agreement, that Appellants have a right to use the driveway on the strip of Lot 1 for access to the house on the Residue, we analyze these issues only with respect to the shed and Appellants' use of the strip of Lot 1 beyond their house to access the shed.

The trial court held and Appellees argue that Appellants did not raise any issue of whether they had an easement with respect to the shed until their post-trial motion and therefore waived the easement claims that they assert in this appeal. We do not agree. The record here is clear that Appellants, before and at trial, did raise the issue of whether they had an easement for use of the entire Lot 1 strip and based their easement claim on both the fact that a right of way was shown on the Reagan Subdivision and a history of the use of the Lot 1 strip. Answer and New Matter ¶¶8-9, 33-34; Appellants' Pre-Trial Statement ¶9; N.T. Trial at 6, 30-32, 36, 43-44, 48-49. These are the same bases for an easement argued by Appellants in their post-trial motion and in their brief in this appeal. While Appellants did not specifically refer to

the shed in the paragraphs of the Answer and New Matter and Pre-Trial Statement asserting an easement, they also did not limit their easement claim to the first 60 feet of the Lot 1 strip and asserted an easement with respect to the Lot 1 "driveway," which extends the full length of the Lot 1 strip, including the area where the shed encroaches and is accessed by Appellants. Appellant Reagan, moreover, made clear at trial that she contended that the easement included the shed and the trial court understood that her claim included the shed. N.T. Trial at 6, 36, 43-44, 49, 52. Because Appellants raised these issues both before and at trial, their claims of express easement and easement by implication are not barred by waiver.

The trial court did not err in rejecting Appellants' express easement claim. An express easement is created by an express grant or reservation in a deed or other conveyance instrument. *Potis v. Coon*, 496 A.2d 1188, 1191 n.7 (Pa. Super. 1985). It was undisputed that none of the deeds for the properties in question contained language creating an easement or right of way with respect to Lot 1 and that Appellees did not execute any instrument granting Appellants an easement. Rather, the sole basis for Appellants' claim of an express easement is the Reagan Subdivision and the 50-foot right of way that it shows on the driveway strip of Lot 1. Depiction of an easement or right of way in a subdivision plan does not create an express easement.

*Landis*, 222 A.3d at 35; *Sides v. Cleland*, 648 A.2d 793, 795 n.4 (Pa. Super. 1994); *Potis*, 496 A.2d at 1191.[3]

The trial court did, however, err in rejecting Appellants' contention that that they have an easement by implication. When the deeds in question do not contain language granting an easement, an easement may nonetheless be created by implication where the properties were previously owned by the same person or persons and those owners have subjected one of the properties to a right of way for the benefit of the other property, even if the easement is not essential to the use of that other property. *Bucciarelli v. DeLisa*, 691 A.2d 446, 448-49 (Pa. 1997); *Gurecka v. Carroll*, 155 A.3d 1071, 1075-76 (Pa. Super. 2017) (*en banc*); *Daddona v. Thorpe*, 749 A.2d 475, 480-81 (Pa. Super. 2000).

Such an easement by implication is created upon the severance of unity of ownership of the properties where the following elements are shown: (1) there is a separation of title; (2) prior to the separation of title, the use that gives rise to the easement was an open, longstanding use that by its nature was obviously meant to be permanent; (3) the easement is necessary to the enjoyment of the property that benefits from the easement; and (4) the use was continuous, and not merely sporadic or occasional. *Gurecka*, 155 A.3d

---

[3] As is discussed below, an easement can be created by a subdivision plan referred to in a deed, but such an easement is an easement by implication, not an express easement. *Landis*, 222 A.3d at 35; *Sides*, 648 A.2d at 795; *Potis*, 496 A.2d at 1191-92.

at 1075-79; ***Daddona***, 749 A.2d at 481. The third element, that the easement is necessary to the enjoyment of the property, does not require proof that the property is useless without the easement; rather, it is satisfied by a showing that the easement is convenient or beneficial to the dominant property. ***Daddona***, 749 A.2d at 482. In addition, an easement by implication is created, even if these elements are not all proven, where a deed references a subdivision plan or map that specifically designates a right of way over the property. ***Sides***, 648 A.2d at 795; ***see also Cunningham v. Cronin***, 206 A.3d 569, 572 (Pa. Super. 2019); ***Potis***, 496 A.2d at 1191-92.

Here, it was undisputed that Lot 1 and the Residue were under a unity of ownership prior to June 2003 and a separation of title occurred when Appellants conveyed Lot 1 to Appellant Reagan and her husband while the Residue remained jointly owned by Appellants. The Reagan Subdivision, executed and recorded before the separation of title, expressly designated the strip portion of Lot 1 as a right of way and showed that the shed was partially on that right of way. The shed's presence on the Lot 1 strip was open and obvious on the face of that subdivision plan and, as it is a building rather than a movable object, this use was plainly continuous and intended to be permanent, not temporary or transient. It was also indisputable that Appellees knew or should have known that the Lot 1 strip was subject to this right of way because their deed specifically referenced the Reagan Subdivision; indeed, it defined their property as the parcel "known as Lot No.

1 of the Reagan Subdivision." In addition, Appellant Reagan testified that the shed had been accessed for years from the area that became the Lot 1 strip before the separation of the parcels. N.T. Trial at 36, 49. Appellees do not dispute that the shed has been at that location for a long time, as they themselves characterize the shed as "old." Appellees' Brief at 23, 31.[4] Appellee husband's own evidence established that the shed and the ability to access it are convenient and beneficial to Appellants' use of their Residue property, as he testified that Appellants work in and around the shed and use it to store yard care equipment, and he also introduced photographs showing such use. N.T. Trial at 16-20; Plaintiffs' Exhibit 5.

The above evidence was sufficient to establish an easement by implication. While the trial court did not make any findings concerning these facts, all of these facts other than longstanding prior use of the land that became the Lot 1 strip and the benefit of the shed to Appellants' use of the Residue were established by the documents introduced by Appellees at trial, and the latter fact was established by Appellee husband's own testimony. Interpretation of a written document is a question of law over which this Court exercises plenary, *de novo* review, not an issue of fact. ***Rickard v. American National Property and Casualty Co.***, 173 A.3d 299, 304 (Pa. Super. 2017)

---

[4] Appellees also describe the shed as "dilapidated." That characterization is contradicted by the photographs that they introduced in evidence which do not show disrepair. ***See*** Plaintiffs' Exhibit 5.

(*en banc*); ***Erie Insurance Exchange v. Fidler***, 808 A.2d 587, 590 (Pa. Super. 2002).

The trial court did not find that Appellant Reagan's testimony concerning prior use of the shed was not credible. To the contrary, to the extent that it addressed the credibility of this evidence at all, the trial court expressed the view that her testimony concerning long-standing use was credible. ***See*** N.T. Trial at 49, 52. Rather, the trial court based its conclusion that there was no easement for the shed and access to the shed solely on the ground that none of the deeds concerning the properties reserved an easement. Trial Court Opinion at 6. At a minimum, therefore, the trial court's ruling that Appellants have no implied easement was based on error and must be reversed.

If Appellants were required to prove the element of longstanding prior use, it would be necessary for the trial court on remand to determine whether that element was proved by Appellants. The absence of a finding concerning length of prior use, however, does not defeat Appellants' claim of easement by implication. The easement here was not merely open and continuous, it was expressly set forth on a subdivision plan that was referenced in Appellees' deed and the original Lot 1 deed that separated the ownership of Appellants' and Appellees' properties. As noted above, reference in a deed to a subdivision plan or map that specifically designates a right of way over the property is sufficient to create an easement by implication, even without proof of all the elements ordinarily required to establish an easement by implication.

***Sides***, 648 A.2d at 795; ***see also Cunningham***, 206 A.3d at 572; ***Potis***, 496 A.2d at 1191-92.

Because Appellees' deed defined their property as Lot 1 of the Reagan Subdivision and the Reagan Subdivision designated the Lot 1 strip as a 50-foot right of way and showed Appellants' shed in that right of way, the evidence at trial established that Appellants have an easement by implication on the Lot 1 strip with respect to their shed. The trial court therefore erred in holding that Appellants have no easement and in ordering Appellants to remove the shed and cease use of the Lot 1 strip to access the shed. Accordingly, we reverse the trial court's judgment and remand this case to the trial court with instructions to modify its order of June 17, 2019 to remove paragraphs 3 and 4 and to deny Appellees' request for relief with respect Appellants' use of the Lot 1 strip for their shed and Appellants' use of the Lot 1 strip to access to their shed. In light of our conclusion that the trial court erred in not finding an easement by implication, we need not and do not address Appellants' third issue.

Judgment reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2020

# J-A12007-20

## Appendix:

